O'CONNOR *v.* GOTTSCHALK.

TAXATION — TAX SALES — REDEMPTION — MISTAKE OF REGISTER IN
    CHANCERY—EFFECT ON TITLE.
    Where the owner of the original title to land, on receipt of the
        notice to redeem from a tax sale, in good faith deposits with
        the register in chancery the amount which the register in-
        forms him is necessary for that purpose, there is a sufficient
        compliance with the statute to entitle the owner to a recon-
        veyance.

Error to Macomb; Erskine, J. Submitted April 12,
1907. (Docket No. 67.) Decided May 18, 1907.

Ejectment by Ada H. O'Connor, special administratrix
of the estate of William O'Connor, deceased, against Otto
Gottschalk and another. There was judgment for de-
fendants on a verdict directed by the court, and plaintiff
brings error. Affirmed.

This is an action of ejectment to recover possession of
40 acres of land located in Macomb county. Plaintiff's
title is based upon a tax deed issued by the auditor gen-
eral to William O'Connor May 25, 1903, for taxes assessed
for the year 1899. Mr. O'Connor brought the suit in his
lifetime. Upon his death plaintiff was substituted as
special administratrix. The record in the office of the
register of deeds showed that one Edwin Jerome was the
last grantee of the original title. Mr. O'Connor finally
ascertained that he was dead, and that he left two sons,
named Frank and Edwin, residing in Detroit. Proper
notice was served on them under section 140 of the gen-
eral tax laws (1 Comp. Laws, § 3959), by which they
were entitled to a reconveyance of the land upon paying
to Mr. O'Connor the amounts specified by the statute.
They attempted to comply, and paid to the register in
chancery of the county the full amount which the regis-

ter informed them was due, to wit, $101.96, being twice
the amount of the taxes due, $5 for the description and
$2.20 for the sheriff's fees in making service upon them.

There was an outstanding mortgage upon the property
in which James W. Daley was the mortgagee. He could
not be found, and thereupon, after filing return of the
sheriff that he was unable to find Mr. Daley or ascertain
his whereabouts or post-office address, Mr. O'Connor
caused the notice to be published in a newspaper in the
county of Macomb; the first publication being November
13th, and the last January 1st following. The affidavit
of this publication was made by the publisher and filed
with the register in chancery. The affidavit stated that—

"The inclosed printed notice has been duly published in
said paper at least once in each week for four successive
weeks, and that the first publication thereof was on the
13th day of November, 1903, and the last publication was
on the 1st day of January, 1904."

For some reason, about two weeks after the first publi-
cation, Mr. O'Connor caused a second return by the sheriff
of his inability to ascertain the residence or post-office
address of Mr. Daley. In fact, Mr. Daley was dead.
Frank and Edwin had no notice or knowledge of this
publication. Frank went to the office of the register in
chancery, inquired of the register the amount due, and
was informed by said register that the three items were
all the charges against the land. The register duly noti-
fied Mr. O'Connor of the deposit of the money with him,
but O'Connor declined to accept it. He waited until the
expiration of the six months and then instituted this suit.
The defendants are the lessees of the Jeromes. The court
directed a verdict for the defendants.

*Albert McClatchey*, for appellant.

*James D. Jerome* (*Ignatius J. Salliotte*, of counsel),
for appellees.

GRANT, J. (*after stating the facts*). No attack is

made upon the validity of the tax deed to O'Connor. The sole question is: Did Frank and Edwin Jerome comply with the statute so as to entitle them to a reconveyance from O'Connor? The judgment of the court must be sustained.

The statute authorizes the register in chancery, to whom the returns of the sheriff must be made, and who is the custodian of the papers showing the amounts required to be paid, to receive the money from the original owner for the tax title owner. It also requires the register to at once notify the original owner of the deposit of the money with him. The owners of the original title in this case acted in good faith. They went to the proper officer in the proper office, asked for the amount due, relied upon the statement of the register, and paid it. Unless the owner in every case is required by the law to himself personally examine these documents, and ascertain the exact amount, the owners in this case complied with the law. Suppose the owner is blind, or his sight is so dim that he cannot see to read, or that he cannot read at all, is he obliged to employ some person to go with him to examine the papers? We think not. When in good faith the owner has relied upon the statement of the register, who has the papers in his custody, he is justified in so doing. This case is ruled by *Clippinger* v. *Auditor General*, 135 Mich. 1. There the auditor general made the mistake. In this case the register in chancery made it. If the record showed the proper fees for the four publications, the owners should be compelled to pay it.

Judgment affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, and OSTRANDER, JJ., concurred.