BURCH *v.* NIPPRESS.

1. TAXATION—TAX SALES—REDEMPTION—NOTICE—SUFFICIENCY.
   A notice by the purchaser of tax titles under section 140 of the tax law (1 Comp. Laws 1915, § 4138) served upon one of the plaintiffs and a bank which held an undischarged mortgage against the premises at the time, which was not signed by the purchaser or by any one on his behalf was a nullity, and plaintiffs are entitled to a reconveyance on paying or tendering the amount provided for in the statute, although proper notice was served on the bank in which the record title rested.

2. SAME—"DESCRIPTION FEES."
   Where only two lots, two descriptions, were included in defendant's deeds, he was entitled to demand only ten dollars for "description fees" under the statute, but such excessive demand does not invalidate the notice.

3. SAME — REDEMPTION — MISTAKE OF OFFICER IN COMPUTING
AMOUNT DUE.

   Where plaintiffs went to the county clerk's office and paid
      to him the amount he computed as necessary to redeem,
      it was a sufficient compliance with the statute, although he
      failed to include the sheriff's fees of $1.10, which amount
      was tendered at the hearing.

Appeal from Kent; Brown (William B.), J. Submitted January 14, 1921. (Docket No. 44.) Decided March 30, 1921.

Bill by Marsden C. Burch and another against Elmer Nippress to redeem from the sale of land delinquent for taxes. From a decree for plaintiffs, defendant appeals. Affirmed.

*Marsden C. Burch, in pro. per.,* and *Henry E. Chase,* for plaintiffs.

*Thompson & Temple,* for defendant.

SHARPE, J. Plaintiffs seek a reconveyance of certain lots in Grand Rapids, to which defendant claims ownership by tax titles. A notice of reconveyance, provided for by section 140 of the tax law (1 Comp. Laws 1915, § 4138), was served on May 25, 1918, on the Grand Rapids Savings Bank, in which the title rested as shown by the records at that time. A notice was also served on the plaintiff Belle H. Burch and on the Rochester Savings Bank on May 31, 1918, but neither the copy served nor that on which return was made was signed by the defendant or by any one on his behalf. The records showed that at that time the Rochester Savings Bank held an undischarged mortgage against said lots, dated July 12, 1915, and recorded on July 15, 1915.

1. Section 140 provides that service must be made upon—

"the last grantee or grantees in the regular chain of
title  *  *  *  at the date of the delivery of such no-
tice to the sheriff for service  *  *  *  and upon the
mortgagee or mortgagees named in all undischarged
recorded mortgages  *  *  *  of record at the date
aforesaid."  *  *  *

The mortgagee was entitled to notice. That served
on it, being unsigned, was a nullity. Until such serv-
ice was properly made, the plaintiffs were entitled to
a reconveyance on paying or tendering the amount
provided for in the statute. *White* v. *Shaw,* 150 Mich.
270; *Dolph* v. *Norton,* 158 Mich. 417; *Hansen* v. *Hall,*
167 Mich. 7; *G. F. Sanborn Co.* v. *Richter,* 176 Mich.
562; *Dunn* v. *Papenfus,* 202 Mich. 131. While the
omission to make proper service on the bank is alleged
in the bill of complaint and denied in the answer,
it does not seem to have been urged at the hearing,
nor was it alluded to in the opinion of the trial court.
As the other questions presented are of public interest,
we feel that they should receive consideration.

2. The notice served stated the "Amount necessary
to redeem, $347.12, plus the fees for service." This
included $40 for "description fees" as they are called.
The statute, after fixing the amount necessary to be
paid to secure a reconveyance, adds, "the further sum
of five dollars for each description." It seems clear
to us that as only two lots (two descriptions) were
included in defendant's deeds and the notice served in-
cluded the amount paid under all of defendant's deeds,
but two such fees, or $10, could be demanded. But
this court has held that an excessive demand of this
nature does not invalidate the notice. *Rogers* v. *Davi-
son,* 188 Mich. 519.

3. The plaintiffs' agent, Mrs. Wood, after an in-
effectual effort to agree with the defendant as to the
amount which should be paid, in which the defendant
said:

"I told them they could make their deposit, what they thought I ought to have, with the county clerk, and if it was enough to satisfy me I would take it, and if it was not, I would not,"—

went to the clerk's office and asked him to compute the amount necessary to be deposited to secure a reconveyance. He fixed the amount at $317.12, and this was paid to him. Inadvertently, the sheriff's fees of $1.10 were omitted. On plaintiffs' attention being called to this at the hearing, they promptly paid the amount to the clerk. In *O'Connor* v. *Gottschalk*, 148 Mich. 450, this court held that when the owners, acting in good faith, "went to the proper officer in the proper office, asked for the amount due, relied upon the statement of the register, and paid it," there had been a sufficient compliance with the statute. It is apparent that the dispute over this $30, of which the clerk was aware, caused him to overlook this fee in determining the amount to be paid.

The decree is affirmed, with costs to plaintiffs.

STEERE, C. J., and MOORE, FELLOWS, STONE, and BIRD, JJ., concurred. CLARK, J., did not sit.

The late Justice BROOKE took no part in this decision.