TYLER v. BURGESON.

1. VENDOR AND PURCHASER—TAXATION—VENDEE REQUIRED TO PAY
   TAXES MAY NOT DEFEAT VENDOR'S TITLE THROUGH HIS OWN
   DEFAULT.
      A vendee may not defeat his vendor's title by setting up
      a tax title which he acquired in his son's name while
      he was in possession of the premises under a land contract
      requiring him to pay the taxes; his title having come into
      existence solely through his own default.[1]

2. TAXATION—REDEMPTION NOT DEFEATED BY MISTAKE OF OFFICER
   IN COMPUTING AMOUNT DUE.
      Where a landowner went to the county clerk and paid
      the sum fixed by him as necessary to redeem from a tax
      sale as provided by 1 Comp. Laws 1915, § 4139, the mistake
      of the clerk in omitting therefrom a small item cannot
      operate to defeat her redemption, although she owes and
      should pay said item.[2]

3. SAME—PURCHASER UNDER VOID TAX TITLE NOT ENTITLED TO
   ALLOWANCE FOR WORK UNLESS VALUE OF PREMISES INCREASED
   THEREBY.
      Where defendant was a trespasser in entering upon a
      farm under a tax title which was void because it was his
      duty to pay the taxes, and therefore his payment thereof
      operated as a redemption, he is not entitled to an allow-
      ance for work done to make the farm more suitable for
      cultivation, in the absence of proof that its value had been
      increased thereby.[3]

Appeal from Bay; Browne (Clarence M.), J., pre-
siding.    Submitted October 24, 1924.    (Docket No.
148.)    Decided December 10, 1924.

Bill by Rollin U. Tyler, administrator of the estate
of Fanny R. S. Balen, deceased, against Andrew S.
Burgeson and another to remove a cloud upon the title

[1]Vendor and Purchaser, 39 Cyc. p. 1619, 1620; [2]Taxation, 37 Cyc.
p. 1418; [3]Id., 37 Cyc. p. 1524 (1926 Anno).

to land.    From a decree for plaintiff, defendants appeal.    Affirmed.

*Hubert J. Gaffney,* for plaintiff.

*Kinnane & Leibrand,* for defendants.

FELLOWS, J.    Since this case was heard in the court below the original plaintiff has died, and the case has been revived in this court in the name of the administrator of her estate.    However, when we use the word plaintiff we shall refer to the original plaintiff.    Plaintiff resided at Moodus, Connecticut, but loaned money and owned property in Bay county. She and her husband had dealings with defendant Andrew S. Burgeson, which resulted in litigation reaching this court (*Balen* v. *Burgeson,* 187 Mich. 621).    In that case the bill was filed to foreclose a land contract and the claims of the parties will be found stated in the opinion.    In that case this court found the facts to be as claimed by the complainant and affirmed a decree foreclosing the land contract. Before that litigation terminated defendant Andrew S. purchased two outstanding tax titles for the taxes of 1911 and had the quitclaim deeds taken in the name of his son.    The tax titles were of different portions of the land.    The son conveyed the entire premises in question to defendants.    While the fact that Andrew S. furnished the money to acquire these titles is denied, we are convinced that he did.    Before defendant's son deeded to them he gave the notice of reconveyance provided for in section 4138, 1 Comp. Laws 1915, plaintiff's agent went to the office of the county clerk and paid to him the amount fixed by him as necessary to redeem.    The clerk in computing the amount due overlooked the sheriff's fees.

Upon the hearing of the case defendants sought to again try out the disputed questions of fact involved

in and settled by *Balen* v. *Burgeson, supra.* The trial judge quite properly held that this could not be done.  There were three issues before the court below and they are before us on this appeal.

1. In 1911 defendant was in possession of the premises in question as vendee under a land contract. This contract could not be found.  Defendant claims he was not obligated by its terms to pay the taxes, but the attorney for plaintiff in the former case, a man of high standing at the bar and of unquestioned probity, testified to the contrary; he also testified that while the contract was not printed at length in the record in the other case it was used and was before this court, and in the opinion in the former case it was said:

"After the deed was made, complainant paid the taxes until 1901, when the contract was made, providing that defendant should pay them."

We are satisfied that defendant is wrong in his contention and that by the terms of the contract he was required to pay the taxes.  He defaulted in his agreement, did not pay the taxes for 1911, and now seeks to profit by his default and claim under tax titles which he acquired in the name of his son while he was still in possession under the terms of his contract.

Defendant can not defeat plaintiff's title by setting up this title which he acquired in his son's name while he was in possession of the premises under the terms of a contract by and in which he had agreed to pay the taxes, such title having come into existence solely by his own default, which default set the machinery of the State in motion resulting and ripening into the title he now claims.  This is well settled by numerous decisions of this court but a fragment of which we cite.  *Lacey* v. *Davis,* 4 Mich. 140 (66 Am. Dec. 524); *Page* v. *Webster,* 8 Mich. 263 (77 Am. Dec.

446); *Cooley* v. *Waterman,* 16 Mich. 366; *Ward* v. *Nestell,* 113 Mich. 185; *Hubbard* v. *Shepard,* 117 Mich. 25 (72 Am. St. Rep. 548); *Sleight* v. *Roe,* 125 Mich. 585; *Clippinger* v. *Auditor General,* 135 Mich. 1; *Dahlem* v. *Abbott,* 146 Mich. 605.     The case of *Napper* v. *Fitzpatrick,* 194 Mich. 175, relied upon by defendant, is not at all out of accord with this view; it expressly recognizes and sustains it and relief was there granted on other grounds.     Nor is *Jeffrey* v. *Hursh,* 45 Mich. 59, which is particularly stressed, in point.     Here there was no *bona fide* contest over the title between the parties in 1911 when these taxes were not paid and here there was a duty resting on defendant by his own agreement to pay the taxes for that year.     When defendant himself paid for these tax titles he but paid his own debt and the payment operated as a redemption.

2. Plaintiff's agent went to the county clerk, the officer named in the statute (1 Comp. Laws 1915, § 4139) to receive the money on the redemption of the premises from the sale, and paid the sum fixed by him as necessary to redeem.     The clerk by mistake omitted a small item.     Should the plaintiff be required to pay the penalty of this mistake of a public official by losing her farm?     This court has correctly answered this question in the negative in at least three cases: *Clippinger* v. *Auditor General, supra; O'Connor* v. *Gottschalk,* 148 Mich. 450; *Burch* v. *Nippress,* 213 Mich. 185.     In the *Clippinger Case* the mistake was made by the auditor general.     It was there said:

"The auditor general, under a mistaken view of the law, did not figure sufficient interest by 41 cents.     It would be a reproach to the law to hold that, under these circumstances, an owner can be deprived of his property, through no fault of his own, but through a mistake of an officer of the law.     Six years after such sale the relator seeks to take advantage of the barest technicality, and deprive the owner of his land. Such claim is without equity or reason, and the dis-

cretionary writ of mandamus should not be permitted to accomplish such a wrong."

In the other cases the mistake was made by the county clerk. While plaintiff still owes this small sum and should pay it, her attempted redemption of the premises was not rendered abortive by accepting the figures given by the county clerk.

3. Defendants claim that some work has been done on the farm to make it more suitable for cultivation and gave testimony as to the value of the work but gave no testimony that the value of the premises has been enhanced thereby. However, as we have pointed out, when defendant purchased these tax titles, he but paid the taxes he had agreed to pay; his payment operated as a redemption; when he entered upon the premises he had no title thereto; he was a trespasser (*Clugston* v. *Rogers,* 203 Mich. 339). And in the absence of proof that the value of the premises has been increased by such labor, we would not be justified in making an allowance for it. *Cleland* v. *Clark,* 123 Mich. 179 (81 Am. St. Rep. 161) ; *Patten* v. *Downer,* 227 Mich. 95. In the last cited case it was said:

"In so far as the value of the premises is enhanced by these permanent improvements defendant Downer should respond, if plaintiff is entitled to recover at all, less the rental value of the premises during plaintiff's occupancy. But we are cited to no authority which authorizes a recovery for plaintiff's labor in attempting to cultivate the farm, which in no way enhanced the value of the premises returned to defendant Downer and which was not necessary to keep the farm in its then condition."

The decree will be affirmed, with costs.

Clark, C. J., and McDonald, Bird, Sharpe, Moore, Steere, and Wiest, JJ., concurred.