LONG v. CLEVELAND.

1. Taxation—Redemption—Notice—Penalty.

Where purchaser of State tax deed for taxes of 1927 had bid in land for taxes of 1928, but, on serving notice on owner to redeem, failed to include taxes of 1928, owner's grantee had right to rely on said notice, and was not chargeable with notice that same person had purchased for both years, so that, on his paying to county clerk amount required to redeem from 1927 sale, and to county treasurer amount required to redeem from 1928 sale, tax title purchaser was thereafter precluded from claiming penalty fixed by statute on redemption from 1928 purchase (1 Comp. Laws 1929, § 3536).

2. SAME—STATE TAX DEED—FAILURE TO REPORT REDEMPTION.

Where owner's grantee had paid to county treasurer amount required to redeem from sale of land for 1928 taxes, purchaser of tax title thereafter had no right to State tax deed for taxes of said year, although no report of said redemption had been made by county treasurer to auditor general within redemption period.

3. SAME—LIEN FOR TAXES PAID BY TAX TITLE PURCHASER.

Where purchaser of tax titles for 1927 and 1928 taxes, from which redemption was had, paid taxes for years 1929–1931 under mistaken belief that she must do so in order to protect her interest, payment by her inured to benefit of then owner, and she is entitled to lien upon land therefor and enforcement thereof.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 13, 1933. (Docket No. 94, Calendar No. 37,273.) Decided October 2, 1933.

Bill by Allie Long against Samuel K. Cleveland and others for accounting and for taxes paid by purchaser at tax sale. From decree rendered, both parties appeal. Affirmed.

*Roy H. Hagerman,* for plaintiff.

*Raymond H. Dresser* (*Harold Palmer* and *Cowell & Frankhauser,* of counsel), for defendants.

SHARPE, J. The facts in this case are not in dispute. The plaintiff purchased the land in question in this case, situate in the city of Sturgis, at the annual tax sale held on May 5, 1931, for the taxes delinquent for the year 1928, paying therefor the sum of $387.83. At the tax sale in 1930 this land had been bid in to the State for the taxes of 1927, and was on the State tax land list at the time of the sale in 1931. As a condition precedent to her

purchase, the plaintiff was compelled to also purchase the land on this list (1 Comp. Laws 1929, § 3462), and paid therefor the sum of $516.92. She received a certificate of purchase, which she presented to the auditor general, and received a State tax deed therefor, which she recorded on January 11, 1932. On September 28, 1931, she served a notice to redeem on Ella B. Tanner, the then owner of the premises, and who was in possession thereof, as required by 1 Comp. Laws 1929, § 3535. The amount necessary to redeem as stated therein was $1,038.94, plus the fees to the sheriff, stated by him to be $3.80.

On January 21, 1932, Ella B. Tanner conveyed the premises to the defendant Samuel K. Cleveland. The deed therefor was recorded on February 29, 1932. On March 10, 1932, Cleveland conveyed the premises by warranty deed to Josiah F. Crull, and on the same day Crull executed and delivered to Cleveland a land contract for the purchase thereof. Crull is now deceased, and the defendant bank is administrator of his estate.

On March 25, 1932, Cleveland deposited with the county clerk $1,042.74 for redemption of the purchase for the 1927 tax. On the same day he paid to the county treasurer $430.49 to redeem from the sale of the 1928 tax. The plaintiff, although notified by the county clerk of the payment to him of the moneys to redeem from the 1927 tax sale, did not comply therewith by delivery to the clerk of the release and quitclaim provided for in 1 Comp. Laws 1929, § 3536, but, when the year had elapsed for redeeming from the 1928 sale, she forwarded her certificate of purchase to the auditor general and received a State tax deed therefor, which she recorded, and on November 21, 1932, served a notice

to redeem therefrom upon Ella B. Tanner, Cleveland, and Crull.

The plaintiff insists that the notice to redeem from the 1927 purchase and defendant's payment of the amount necessary to redeem therefrom to the county clerk did not preclude her from thereafter claiming the penalty fixed by the statute (1 Comp. Laws 1929, § 3536) on redemption from the 1928 purchase.

When the plaintiff caused the notice provided for in 1 Comp. Laws 1929, § 3535, to be served on the then owner of the land, she might have included therein the amount paid by her on the purchase of the 1928 tax. This she did not do, and the defendant Cleveland on redeeming therefrom was not chargeable with notice of her omission to do so. He paid to the county clerk the amount required to redeem. He then went to the county treasurer's office, and, finding that the land had been sold for the tax of 1928, paid to him the amount required to redeem therefrom. He was not chargeable with notice that the same person had purchased the State tax deed for the tax of 1927 and bid in the land for the tax of 1928. He had a right to rely on the notice served on his grantor and the statement of the county clerk, and plaintiff is bound thereby. *O'Connor* v. *Gottschalk,* 148 Mich. 450; *Burch* v. *Nippress,* 213 Mich. 185; *Tyler* v. *Burgeson,* 229 Mich. 268. Plaintiff had no right after such payment to the county treasurer to a State tax deed for her 1928 purchase. Redemption therefrom had been had, but apparently no report thereof had at that time been made by the county treasurer to the auditor general. The provision in the decree so providing, from which she has appealed, is affirmed.

After receiving her tax deed for the taxes of 1927 from the auditor general and service of the notice to

redeem on Ella B. Tanner, plaintiff paid to the county treasurer and to the city treasurer the taxes delinquent on said land for the years 1929, 1930, and 1931, amounting in all, with interest, to the sum of $885.72. She here seeks to have the same declared a lien upon said land. The trial court so decreed, and it is from this provision in the decree that the defendants have appealed.

When the defendant Cleveland redeemed from the tax sales for the 1927 and 1928 taxes, it does not appear that he made any inquiry as to whether these taxes were then delinquent. He did not purchase in reliance upon the fact that they had been paid. At the time he advised the plaintiff that he had made such redemption, she informed him that these subsequent taxes had been paid by her. She had paid them under the mistaken belief that she must do so in order to protect the interest she had acquired under her tax deed. Under these circumstances the trial court was clearly right in holding that the payment by her inured to the benefit of the then owner of the land and that she was entitled to a lien upon the land therefor and enforcement of the same as provided for in the decree. *G. F. Sanborn Co.* v. *Alston* (on rehearing), 153 Mich. 456, 463.

The decree is affirmed. Both parties having appealed, no costs will be allowed.

McDonald, C. J., and Potter, North, Fead, Wiest, and Butzel, JJ., concurred. Clark, J., took no part in this decision.