GERALDINE *v.* MILLER.

1. TAXATION—REDEMPTION FROM TAX SALE—AGENCY OF HUSBAND FOR WIFE—EVIDENCE.

In suit to quiet title by holders of regular chain of title against tax-title purchaser, trial court's finding that husband of land-contract purchaser acted as agent of his wife in making deposit in order to be entitled to reconveyance was sustained by evidence showing he customarily acted for her in property matters and action of register in chancery in returning to wife amount of deposit made in excess of amount required to redeem (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

2. SAME—REDEMPTION BY LAND CONTRACT PURCHASER.

A purchaser under an executory land contract has a right to redeem property sold for delinquency in payment of taxes (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

3. SAME—REDEMPTION FROM TAX SALE—AMOUNT OF DEPOSIT—NOTICE.

Deposit by plaintiff land-contract purchaser of sum stated in notice of reconveyance, which exceeded the sum to which the tax-title purchaser was entitled to receive was sufficient as plaintiff was entitled to rely on notice served upon her and the proper performance of his duty by the register in chancery in computing the amount necessary to redeem, hence defendant tax-title purchaser was not entitled to reimbursement for amount subsequently expended in serving notice on others interested in record title (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am. Jur., Taxation, §§ 1106, 1107.
[2] 51 Am. Jur., Taxation, § 1106.
[3, 5, 11–13] 51 Am. Jur., Taxation, §§ 1097, 1098, 1101.
[4] 51 Am. Jur., Taxation, § 1108.
[6–10] 50 Am. Jur., Statutes, §§ 219, 223–227.

4. SAME—REDEMPTION FROM TAX SALE—SERVICE OF NOTICE.

The fact that everyone entitled to exercise the right to redeem from tax sale continues unless and until the tax-title holder cuts off the right of each one entitled to redeem by service of notice in accordance with the statute does not preclude one upon whom service of notice has been made from redeeming before service of notice has been made upon all the others (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

5. SAME—QUIETING TITLE—REIMBURSEMENT FOR TAXES SUBSEQUENT-LY PAID.

In a suit in equity to quiet title to land sold to defendant for taxes, defendant is entitled to reimbursement for taxes paid by him subsequently to the date of his purchase (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

6. STATUTES—CONSTRUCTION—EQUITY.

It is the duty of a court to construe a tax statute as it reads, without reference to equitable considerations.

7. SAME—POLICY OF LEGISLATION—COURTS.

The courts are not concerned with the policy of legislation as that is a matter solely for the determination of the legislature.

8. SAME—CONSTRUCTION.

Statutes that are not ambiguous must be construed in accordance with their manifest intent.

9. SAME—CONSTRUCTION—INTENT.

The primary purpose in the interpretation of statutes is to ascertain and give effect to the intention of the law-making body and if the language employed is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary.

10. SAME—CONSTRUCTION—PURPOSE.

Statutes must be construed in the light of the purpose sought to be accomplished thereby.

11. TAXATION—CONSTRUCTION OF PROVISO—INTENT.

Proviso of general property tax law reducing the penalty payment to tax-title purchaser for nonpayment of taxes from 50 per cent. of sums paid as a condition of such purchase to 10 per cent. thereof only with respect to purchasers at the tax sale held in 1938, 1939 and 1940, was intended to grant relief to property owners who were unable to pay taxes on their property during the period of the depression, hence for such

three years purchasers at tax sales were not entitled to description fees and charges for serving the statutory notice of reconveyance specifically referred to in preceding portions of the section (1 Comp. Laws 1929, § 3536, as amended by Act No. 51, Pub. Acts 1939).

12. SAME—CONSTRUCTION OF STATUTES—"ONLY."

The word "only" when used in statute pertaining to the sum one entitled to redeem from tax sale must pay to purchaser is assumed to have been intended to be given its ordinary meaning and to have indicated that party redeeming should not be required to pay more than the sum paid by the purchaser in consideration for the tax deeds for certain years together with 10 per cent. thereof (1 Comp. Laws 1929, § 3536, as amended by Act No. 51, Pub. Acts 1939).

13. SAME—POLICY OF GENERAL TAX LAW.

The policy of the general property tax law is clearly to favor the redemption of property sold for taxes (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

Appeal from Otsego; Shaffer (John C.), J. Submitted June 8, 1948. (Docket No. 1, Calendar No. 43,983.) Decided September 8, 1948.

Bill by Grace A. Geraldine, Robert K. Jardine and Joy G. Jardine against Walter F. Miller to quiet title to real estate. Decree for plaintiffs. Defendant appeals. Affirmed.

*Elmer G. Smith,* for plaintiffs.

*Walter F. Miller* (*Joseph J. Geraci,* of counsel), for defendant.

CARR, J. Plaintiffs herein seek to quiet title to certain real estate in Otsego county against defendant, who holds tax deeds from the State. The trial court entered a decree in accordance with the prayer of the bill of complaint and defendant has appealed.

Plaintiff Jardine became the owner of the property in 1935 by virtue of a purchase by him at a

mortgage foreclosure sale. In November, 1938, he entered into an executory land contract with plaintiff Geraldine, which was modified with reference to mineral rights by a subsequent contract bearing date September 29, 1941. The taxes for the years 1929 to 1934, inclusive, became delinquent, and the property was offered at the annual tax sale held in May, 1938, and bid in by the State. Subsequently defendant paid the sum of $153.75 and received a deed dated February 6, 1940, from the auditor general. At the annual sale in 1939 the property was offered for the delinquent taxes of 1936 and was bid in by defendant for $7.41. He received a tax deed under date of January 17, 1941. Both deeds were duly recorded.

On July 3, 1941, notice was served on the plaintiff Grace A. Geraldine in accordance with the provisions of 1 Comp. Laws 1929, § 3535, as amended by Act No. 51, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3535, Stat. Ann. 1947 Cum. Supp. § 7.198). Said section reads, in part, as follows:

"No writ of assistance or other process for the possession of any land the title to which has been obtained under and in pursuance of any tax sale made after the twenty-ninth day of August in the year of our Lord 1897, * * * shall be issued until 6 months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he has made personal service of a notice, or proof of substituted service thereof, as hereinafter provided, upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service, * * * which shall be substantially in the following form:

"To the owner or owners of any and all interests in, or liens upon the land herein described:

"Take notice, That sale has been lawfully made of the following described land for unpaid taxes thereon, and that the undersigned has title thereto under tax deed or deeds issued therefor, and that you are entitled to a reconveyance thereof at any time within 6 months after return of service of this notice, upon payment to the undersigned or to the register in chancery of the county in which the lands lie of all sums paid upon such purchase, together with 50 per centum additional thereto, and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the further sum of five dollars for each description without other additional costs or charges: Provided, That with respect to purchasers at the tax sale held in the years 1938, 1939 and 1940 the sum stated in such notice as a condition of reconveyance shall only be all sums paid as a condition of the tax title purchase, together with 10 per centum additional thereto."

Prior to service on Mrs. Geraldine a copy of the notice had been served by the sheriff of the county on her husband Dion Geraldine. The notice specified the amount that defendant had paid to the State for the tax deeds and further stated that the amount necessary to redeem was "$182.27 plus the fees of the sheriff." The notice was addressed to plaintiff Jardine and to Mr. and Mrs. Geraldine.

The redemption of property sold for taxes is subject to the provisions of 1 Comp. Laws 1929, § 3536, as amended by Act No. 283, Pub. Acts 1937 and Act No. 51, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3536, Stat. Ann. 1947 Cum. Supp. § 7.199) which reads, in part, as follows:

"Any person having any estate in such lands or any interest therein, either in fee, for life or for

years, or any mortgagee thereof or assignee of any undischarged mortgage thereon, or the holder of any lien thereon, or any executor, administrator, trustee or guardian of such persons, or any of them, or any person in the actual possession of such lands at the time of such tax purchase, shall be entitled to receive from the person so claiming under and by virtue of such tax deed, his heirs or assigns at any time within 6 months after the filing of return of service or the filing of proof of publication of such notice, as hereinbefore provided, a release and quit claim of all right and interest in such land acquired under such tax deed or deeds, upon payment to him or them, or to the register in chancery of the county in which the lands are located, of the amount paid upon such purchase, together with 50 per centum in addition thereto, and the lawful fees of such personal or substituted service, which fee shall be the same as provided by law for service of subpoenas or for orders of publication or the cost of such service by registered mail, and the further sum of $5.00 for each description, without additional cost or charge: Provided, That any person or persons entitled to a release and quit claim under the foregoing provisions of this section, at any time after the issue of tax deeds on such lands, or after the purchaser thereof shall be entitled to such tax deeds, and before service of notice or return thereof as herein provided, shall have the right to redeem such lands from such sale, by paying to the purchaser, or his grantee, or to the register in chancery of the county in which the lands lie, on the certificate of the auditor general or his deputy, all sums paid as a condition of such purchase, together with 50 per centum additional thereto, and the further sum of $5.00 for each description: Provided, That with respect to purchasers at the tax sale to be held in the years 1938, 1939 and 1940, the purchaser, or his grantee, shall be entitled only to all sums paid as a condition of such purchase, together with 10 per centum additional thereto. By such payment the tax title and

any and all such certificates of sale shall become void and of no effect against the lands to be redeemed. The register in chancery shall, whenever payment is made to him as provided in this section, at once notify the owner of the tax title, or of any and all such certificates of sale, of the payment so made, and the owner of the tax title, or of any such certificates of sale, shall forthwith deliver to said register a release and quit claim of all rights acquired by him under said tax purchase, running to the person making such payment, and shall also deliver to said register the tax deed, certificates of purchase, tax receipts and all other conveyances relating to said tax title or tax interest before he shall be entitled to receive the money paid to said register as herein provided."

In October, 1941, following the service of the notice on Mr. and Mrs. Geraldine, the former went to the office of the county treasurer and paid him the sum of $190 to cover the amount necessary for redemption. The money was turned over to the register in chancery who computed the total amount necessary to be paid for a reconveyance of the property at the sum of $186.27. Thereafter the difference between the sum deposited and the amount so computed was returned to Mrs. Geraldine by check. The record indicates that the receipt covering the deposit made was first given to Dion Geraldine and that subsequently it was altered by inserting the name of the plaintiff Grace A. Geraldine. The register in chancery notified defendant that the deposit had been made by Mr. Geraldine for the purpose of redeeming the property. Defendant refused at the time to accept the payment on the ground that the attempt to redeem was not made by anyone having the right to do so. Subsequently a notice was served on plaintiff Jardine by publishing the same in a newspaper at weekly intervals during the period beginning December 11, 1941, and ending January 1,

1942. Proof of such publication was filed in the office of the county clerk of Otsego county on January 21st following.

The record indicates that in April, 1942, the amount on deposit with the register in chancery was credited to the plaintiff Jardine and reconveyance sought on the basis of a tender by him. Thereupon defendant took the position that the amount was inadequate in that it did not include the expense of the service by publication on Mr. Jardine and the sheriff's fees for the making of a return certifying inability to obtain personal service. No additional deposit with the register in chancery was made by plaintiffs. Defendant claims that plaintiffs lost any and all rights to redeem at the expiration of the six-months' period after return of service by publication on plaintiff Jardine, and consequently that the decree of the trial court should be vacated.

It is the claim of plaintiffs that the deposit made with the register in chancery in October, 1941, was sufficient under the statute to entitle them to a reconveyance of the property from defendant. The latter insists that he was justified in not accepting the money deposited and executing a reconveyance on the theory that such deposit was made by Dion Geraldine and that he was not entitled to redeem. Defendant further argues that he was required under the statute to obtain service on plaintiff Jardine, by publication, thereby incurring additional expense the amount of which plaintiffs were bound to tender in addition to the sum on deposit with the register. Plaintiffs contend that the deposit was actually made by Mrs. Geraldine through her husband acting as her agent, that the sum deposited was in excess of the amount necessary to redeem, and that the plaintiffs were entitled to rely on what the register in chancery did with reference to the matter. The testimony on the trial indicates that Mr. Ger-

aldine customarily acted as agent for his wife in property matters, and that he was so acting on the occasion in question. It is apparent from the decree entered that the trial court found that such was the fact. We think the finding fully sustained by the record. Mrs. Geraldine had the right, under the express provisions of the statute, to redeem the property; and that the deposit was made for such purpose is not questioned. The fact that the register in chancery returned to her the amount of the deposit over and above the amount necessary to redeem, as computed by him, indicates very clearly that he understood at the time that she was undertaking to redeem and that her husband was merely acting on her behalf.

The deposit made was in compliance with the statement in the notice served as to the sum necessary to be paid for a reconveyance of the property. Actually it exceeded the amount that defendant was entitled to receive. The expense incident to the service by publication on Mr. Jardine had not then been incurred, and defendant was not entitled to make such service at the expense of the plaintiffs. He was not, in consequence, entitled to insist that the amount deposited with the register in chancery should be increased by the addition of the sheriff's fees and costs of publication. Plaintiff Geraldine was entitled to rely on the notice served on her, and she was also entitled to rely on the proper performance of his duty by the register in chancery. *O'Connor* v. *Gottschalk,* 148 Mich. 450; *Rousseau* v. *Riihiniemi,* 186 Mich. 653; *Tyler* v. *Burgeson,* 229 Mich. 268.

Defendant makes the further claim that Mrs. Geraldine was not entitled to redeem until after service by publication had been obtained on plaintiff Jardine. Attention is called to the established rule in this State that the right of redemption con-

tinues as to everyone entitled to exercise it unless and until the tax-title holder cuts off the right of each one entitled to redeem by service of notice in accordance with the statute. *White* v. *Shaw,* 150 Mich. 270; *McVannel* v. *Pure Oil Co.,* 262 Mich. 518. However, the fact that Mrs. Geraldine was entitled to redeem until such right on the part of Mr. Jardine was foreclosed does not mean that she was precluded from acting until after service on him. The statute above quoted gave to each the right of redemption prior to service of the notice as well as thereafter. She was in consequence entitled to redeem at the time that she undertook to do so. Defendant's claim is without merit.

The parties to the case also raise a question as to the proper interpretation of the second proviso found in 1 Comp. Laws 1929, § 3536, as amended, which section is quoted above in part. Said proviso reads as follows:

"Provided, That with respect to purchasers at the tax sale to be held in the years 1938, 1939 and 1940, the purchaser, or his grantee, shall be entitled only to all sums paid as a condition of such purchase, together with 10 per centum additional thereto."

Plaintiffs contend that this clause, properly construed, entitled defendant only to the sums paid by him to the State by way of consideration for the tax deeds issued to him, with a 10 per cent. penalty added thereto, excluding the so-called description fee and the cost of serving the notice specified in the statute. It is apparent from the decree that the trial court accepted plaintiff's construction and determined accordingly the sum to be paid by plaintiffs to defendant, said sum being fixed by computing the difference between the amount on deposit with the register in chancery and the aggregate payments made by defendant, including taxes for subsequent

years, which in equity he was entitled to receive from plaintiffs. Such interpretation is in accord with an opinion rendered by the attorney general of the State under date of August 28, 1941, to the county treasurer of Wayne county. See, also, *Bernstein* v. *Wilkinson,* 313 Mich. 510, where the provisions of the statute relating to redemption from tax sales were discussed, the precise question involved in the case at bar, however, not being directly involved.

Defendant insists that the interpretation of the trial judge is erroneous, and that the proviso quoted should be construed as merely limiting the amount of the penalty to 10 per cent. without precluding the holder of a tax deed or deeds from insisting on the right to receive, as a condition of reconveyance, the fees and charges specifically referred to in the preceding portion of the section. He argues further that under the interpretation adopted by the trial court the holder of a tax deed might in a given instance expend more for service of the statutory notice than the amount of the 10 per cent. penalty, and would in consequence, in the event of redemption, actually lose money on his venture. It must be borne in mind, however, that it is the duty of the court to construe the statute as it reads, without reference to equitable considerations. *Bankers Trust Co. of Detroit* v. *Russell,* 263 Mich. 677. With the policy of legislation the courts are not concerned. That is a matter solely for the determination of the legislature and statutes that are not ambiguous must be construed in accordance with their manifest intent. The primary purpose in the interpretation of statutes is to ascertain and give effect to the intention of the law-making body. In *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182, it was said:

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary."

See, also, *Crary* v. *Marquette Circuit Judge,* 197 Mich. 452; *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282 (98 A.L.R. 827); *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich. 225.

It is also well established that statutes must be construed in the light of the purpose sought to be accomplished thereby. It is apparent that the legislature, in incorporating in the statute the proviso here in question, intended to grant relief to property owners who were unable to pay taxes on their property during the period of the depression. Clearly the purpose was to facilitate the redemption of such property sold for delinquent taxes. To that end, the amount of the penalty as to property sold at the tax sales in the three years enumerated was fixed at 10 per cent. It is significant also that the word "only" was used in connection with the reference to the payment that the holder of the tax deed should be entitled to receive as a condition for reconveyance. It must be assumed that the word was intended to be given its ordinary meaning. It must be construed as indicating a legislative intent that one entitled to redeem should not be required to pay more than the sum paid by the holder of the tax deed or deeds by way of consideration therefor, together with 10 per cent. of such amount. The policy of the law is clearly to favor the redemption of property sold for taxes. Had the legislature intended that, as to property sold at the tax sales during the years 1938, 1939 and 1940, description fees and charges for serving the statutory notice should be included in the sum necessary for redemption in each instance, it is fair to assume that specific reference to such items would have been made in the proviso.

Construing such proviso in the light of its obvious purpose it must be regarded as modifying the prior provisions of the section and as prescribing a specific rule to be observed with reference to the redemption of property sold for delinquent taxes at sales held in the three-year period in question.

As indicating the scope of the proviso it is significant to note that the preceding section of the general tax law, 1 Comp. Laws 1929, § 3535, above quoted in part, was also amended by Act No. 51, Pub. Acts 1939, by incorporating in the form of notice therein prescribed the following:

"Provided, That with respect to purchasers at the tax sale held in the years 1938, 1939 and 1940 the sum stated in such notice as a condition of reconveyance shall only be all sums paid as a condition of the tax title purchase, together with 10 per centum additional thereto."

The inclusion of the proviso in the notice required to be served further indicates the intention of the legislature with reference to the redemption from tax sales in the years named, and is suggestive also of the scope intended to be given to the second proviso of the following section, here involved. The purpose sought to be accomplished is scarcely open to question.

We conclude that the trial court correctly interpreted the statutory provision in question and in consequence determined properly the amount to be paid by plaintiffs to defendant, over and above the amount on deposit with the register in chancery. It follows also that under such interpretation of the proviso the amount on deposit with the register in chancery was sufficient to entitle plaintiffs to reconveyance after the service on plaintiff Jardine by publication and at the time the deposit was transferred to his credit. Even if the defendant were

correct in his claim that the deposit when originally made in October, 1941, was so made by one not entitled to redeem, plaintiffs would nevertheless be entitled to the relief granted by the trial court. However, as before stated, we think such deposit should be regarded as having been made by Grace A. Geraldine by her agent. Under the provisions of the statute she was at the time entitled to redeem.

The decree of the trial court is affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.