IRA JEFFERY ET AL. BY LOUISA JEFFERY, THEIR GUARDIAN V. ELIZABETH HURSH ET AL.

*Grantor's continued possession—Tax-titles.*

| 45 | 59 |
| 68 | 179 |

| 45 | 59 |
| 84 | 350 |

| 45 | 59 |
| s7NW | 221 |
| 129 | 348 |

A grantor's continued possession is presumed to be in subordination to his own conveyance, unless, while he is allowed to remain as apparent owner, third persons have in good faith and relying on appearances, acquired rights under him.

Where there is a *bona fide* controversy as to a title and one of the claimants is in possession, he owes no duty to the other to keep the taxes paid, and he may therefore strengthen his claim by procuring tax-titles. But if a claimant cannot rely on a title purchased by himself, he cannot make use of one obtained by another.

Whether one in possession of land and neglecting to pay the taxes on it can rely on a title derived from a sale for such taxes, for the purpose of defeating a conveyance which he had previously made but has not perfected by delivery of possession—Q.

Where the validity of a tax-title held by a stranger to the case, is an incidental question, as where it is relied on in defense to an action of ejectment as paramount title in a third person, *it seems* that the owner should be impleaded.

Error to Isabella. Submitted October 29. Decided November 10.

EJECTMENT. Plaintiffs bring error. Reversed

*Spaulding & Cranson,* for plaintiffs in error.

*Brown & Leaton,* for defendants in error.

COOLEY, J. This is an action of ejectment. The plaintiffs are heirs at law of John Jeffery, deceased, and claim the land under a deed to their ancestor from the defendant Elizabeth Hursh. This deed bears date November 23, 1872. The record in error does not show whether Elizabeth Hursh ever gave possession to John Jeffery, but it is admitted that the other defendants are now in possession claiming to hold under her, and that all the defendants hold or claim adversely to the plaintiffs.

What foundation there is for the adverse claim of defendants does not appear, as none of them on the trial made any attempt to show title in Hursh, as a justification for their holding. The only facts we have respecting the original claim of title are that in 1872 Hursh was owner and conveyed to plaintiff's ancestor, and when suit is brought she is found in possession, claiming title but not explaining it. The defendants, however, did show that a sale of the land was made for delinquent taxes of 1877 ; that one Dusenbury became the purchaser and received the Auditor-General's deed, and they rely upon this as an outstanding and paramount title in a third person, to defeat the action.

Presumptively, while this tax title was accruing Hursh was remaining in possession in subordination to her own conveyance. *Bloomer v. Henderson* 8 Mich. 395 ; *Humphrey, v. Hurd* 29 Mich. 44. If it had appeared that she had been suffered to remain in possession as apparent owner, and that the other defendants had *bona fide* acquired rights under her, relying upon appearances, the case might be different (*Bennett v. Robinson* 27 Mich. 26) but nothing of the kind is shown, and no explanations are made. The question then seems to be, whether one in possession of land and neglecting to pay the taxes upon it, can rely upon a title derived from

a sale for such taxes to defeat her own conveyance which she has not perfected by a delivery of possession.

The case does not raise the question whether the mere fact of possession while the taxes remain unpaid, will disqualify the possessor from acquiring or relying upon a tax title. We may, therefore, concede for the purposes of this case, that when there is a *bona fide* controversy respecting a title, and one of the claimants is in possession, he owes no duty to the other to keep the taxes paid, and may therefore strengthen his claim by procuring tax titles. *Coxe v. Gibson* 27 Penn. St. 160; *Blackwood v. Van Vleit* 30 Mich. 118. There is no showing here which puts the defendants or either of them in a position that would permit them to raise that question, and we pass it without further notice. It is plain that if they cannot rely for their defense on a title purchased by themselves, they cannot make use of one purchased by another.

In the court below the jury were instructed to return a verdict for the defendants. The record does not show that the point above mentioned was considered by the court, and it probably was not. Apparently the sole question raised and discussed was, whether the assessment roll which constituted the basis for the tax title, was not void for defects appearing on its face. Nevertheless, the point is in the case, and we cannot affirm the judgment without holding that the defendants were at liberty to rely upon the tax title. If they are not, the validity of the title in Dusenbury is an abstract question, and is too important to be considered and passed upon when the party chiefly concerned is not before the court.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.