HUBBARD *v.* SHEPARD.

117    25|
s75NW    92|
s72ASR 548·
129    349'

EJECTMENT—LAND CONTRACT—TAX TITLES—ESTOPPEL—HUSBAND AND WIFE.

Defendant in ejectment, who is in possession of the land under a land contract requiring her to pay taxes, is estopped to assert that a third party has acquired title through her default in the payment of taxes; and such estoppel applies also to her husband, where his possession is in her right, and she has never yielded her right of possession to him.

Error to Charlevoix; Corbett, J. Submitted April 8, 1898. Decided May 10, 1898.

Ejectment by Richard S. Hubbard against Fannie J. Shepard and Elisha H. Shepard. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*A. D. Cruickshank,* for appellants.

*J. M. Harris,* for appellee.

MONTGOMERY, J. This is an action of ejectment. On the trial the plaintiff showed title derived from the United States, and showed in addition that the defendants held possession under a land contract made by plaintiff to defendant Fannie J. Shepard, who is the wife of her co-defendant, that the defendants are long in arrears on this contract, and that the plaintiff had given them notice to quit. This contract bore date of February 19, 1889, and contained an agreement by Mrs. Shepard to pay all taxes then unpaid or thereafter assessed. Defendants offered to show that one Kimbark had acquired a title to the premises on a sale of the lands for taxes for the years 1889, 1890, and 1891, and defendant Elisha H. Shepard testified that he had recognized the right of Kimbark. There was, however, no surrender of possession to Kimbark by Mrs. Shepard, and no actual possession taken by Kimbark. The circuit judge ruled out the evidence of the Kimbark title, and directed a verdict for the plaintiff, and defendants bring error. The only questions presented by brief of defendants' counsel, and therefore the only ones we need discuss, are, *first*, whether, in this action of ejectment, Mrs. Shepard is estopped from showing title in Kimbark; and, *second*, if she is, whether the estoppel applies as well to the defendant Elisha H. Shepard.

Defendants' counsel admits that the general rule is that a tenant or contract purchaser cannot dispute his landlord's title, but insists that this rule of estoppel is limited to cases which involve possession merely, and that where the title in fee is claimed, as in ejectment, the tenant may show that the plaintiff has no greater right than that of possession. Counsel cites *Jochen* v. *Tibbells*, 50 Mich. 33, and *Shaw* v. *Hill*, 83 Mich. 324 (21 Am. St. Rep. 607). These cases deal with an estoppel arising from the relation of landlord and tenant, or purchaser and vendor, and sustain the defendants' view, that the limit of an estoppel arising from such relations alone is as claimed by defendants' counsel in this case; but counsel seems not to have discriminated between an estoppel arising out of that

relation simply, and such an estoppel as, in our judgment, should be held to exist in this case. The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe do not exist. While there are cases in which an application of this rule works a seeming hardship, and while for this reason the courts are careful to see that all the elements of estoppel exist in a given case, there can be no occasion for hesitancy in applying the doctrine where one attempts to set up a title which can only have an existence because of his own default. In this case it was the duty of defendants to pay the taxes for the years 1889, 1890, and 1891; and yet they attempt here to assert that they did not do so, and that, therefore, a third party has acquired title through their default, which they now seek to assert to defeat plaintiff's title. The circuit judge was right in holding that Mrs. Shepard could not do this. *Dubois* v. *Campau*, 24 Mich. 360, and cases cited in note to annotated edition. Nor do we think that Elisha H. Shepard is in any better position in this respect than his wife. *Ward* v. *Nestell*, 113 Mich. 185. His possession was in the right of his wife, and there is no showing that Mrs. Shepard ever yielded her right of possession to him.

Judgment affirmed, with costs.

The other Justices concurred.