PORTER *v.* CORBIN.

124    201
s82NW  818
129    348n

TAX SALES—PURCHASE BY MORTGAGEE—EFFECT OF.

   A mortgagee cannot acquire title to the mortgaged premises, as against the mortgagor or other mortgagees, by purchase at a tax sale, but such purchase amounts to a mere redemp‑ tion of the premises, inuring to the benefit of all of the parties.

Appeal from Eaton; Smith, J. Submitted April 11, 1900. Decided May 15, 1900.

Bill by Albert Porter, Frank H. De Golia, and William

Smith against John M. Corbin, Edwin S. Harris, and
Roscoe D. Dix, auditor general, to quiet title. From a
decree for complainants, defendants Corbin and Harris
appeal. Affirmed.

*Huggett & Smith*, for complainants.

· *J. B. Hendee* (*Corbin & Peters*, of counsel), for appellants.

LONG, J. Complainants filed this bill for the purpose
of removing a cloud and quieting title to lots 1, 2, 3, and
4 of block 31, Waldron's addition to the village (now
city) of Eaton Rapids, this State. The cloud was occasioned through the purchase of a tax title by defendants
Harris and Corbin, December 2, 1895, for the taxes of
1893, at which time complainant Porter was in possession
by tenant, under a written contract of purchase.

It appears that February 27, 1890, J. M. C. Smith purchased the premises in question from defendants Corbin
and Harris for $600,. and gave back a purchase-money
mortgage to them for $300, payable in three equal annual
installments. Smith sold the premises soon thereafter to
Albert Porter on a written contract, under the terms of
which Porter was to have possession, and pay the taxes
on the premises. Complainant Porter thereafter executed
a mortgage upon the premises and other lands for $5,000
to complainant De Golia. In April, 1893, J. M. C. Smith
and wife quitclaimed the premises to Herbert H. Hamilton, as cashier of the Michigan State Bank, subject to the
contract with Porter. This purchase was made with the
funds of the bank, of which Corbin was president, Hamilton cashier, and Harris assistant cashier. December 30,
1895, complainant William Smith purchased the apparent
title of Hamilton in the premises, and now claims to hold
the same in trust for complainant Porter. May 1, 1893,
Porter and wife gave a mortgage to defendant Corbin
upon these and other lands for $10,000. It also appears
that December 2, 1895, the premises were sold for the

delinquent taxes of 1893, and a deed made for the same to defendant Harris on March 5, 1897. It is conceded that defendant Corbin has a half interest in this Harris tax deed.

The main contention of counsel for complainants in relation to the claim of defendants Harris and Corbin is that they, being mortgagees, can acquire no title under this tax deed as against the mortgagor. It appears that the defendants were acting in entire good faith, and the question is purely a legal one. The rule is well settled, we think, that a mortgagee cannot acquire title to the mortgaged premises by purchase at a tax sale; the rule being that such purchase amounts to a payment of the tax, and inures to the benefit of the mortgagor. Our statute (Act No. 206, Pub. Acts 1893, § 53) provides that "any person having a lien on property may, after thirty days from the time the tax is payable, pay the taxes thereon, and the same may be added to his lien, and recovered, with the rate of interest borne by the lien." It was held by this court in *Boardman* v. *Boozewinkel*, 121 Mich. 320 (80 N. W. 37), that where the purchaser at a tax sale at the time of the purchase was the attorney for the mortgagee in a foreclosure proceeding on the land sold, and afterwards conveyed his interest by quitclaim to his client, and there being no evidence to show that the attorney claimed title, the purchase amounted to a redemption from the sale in favor of his client, and could not be considered as an independent title. Jones on Mortgages (§ 1134) lays down the rule in its broadest terms. It is said: "Inasmuch as the mortgagee has the right to pay the taxes in order to protect his mortgage, his purchase at the tax sale must be regarded merely as such payment, and not as giving him a title."

In the case of *Eck* v. *Swennumson*, 73 Iowa, 423 (35 N. W. 503, 5 Am. St. Rep. 690), it appeared that judgment of foreclosure of a mortgage was obtained March 30, 1881, on a mortgage dated May 27, 1878, and on the same day the judgment was assigned to plaintiff. The premises

were sold on execution in February, 1885, and bid in by the plaintiff, to whom a sheriff's deed duly issued. In November, 1879, the property was sold for the taxes of 1878, and bid in by the mortgagee, who assigned to a third person. A tax deed was issued to this person, who afterwards conveyed to defendant. It was held that, as the mortgagee had the right to pay the taxes in order to protect his mortgage, his purchase at the tax sale must be regarded as such payment merely, and could not operate to give him title.

In some of the States it is held that a mortgagee out of possession may acquire a tax title; but in a majority of the States this rule does not prevail, but the rule is that a mortgagee, either in or out of possession, may not acquire it as against the mortgagor or other mortgagees. Especially is this the rule in those States where, by the statute, one having a lien upon the premises is permitted to pay the tax and add the amount to his lien. In *Maxfield v. Willey*, 46 Mich. 252 (9 N. W. 271), it was held that neither party to a mortgage could cut off the other's interest by bidding in the premises at a tax sale, if the other objected thereto.

The relations between complainants and defendants Corbin and Harris were such at the time the premises were bid in for the taxes and deeded to Harris that the transaction must be regarded as a redemption, and Corbin and Harris can claim no title under the tax deed. The amount bid was $24.29, which complainants have been willing to pay, with interest.

The decree of the court below must be affirmed, with costs.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. HOOKER, J., did not sit.