FORD HEIGHTS LAND CO. *v.* SCHANERT.

1. TAXATION—CONTRACTS—DEFAULT—EQUITY.

   One who is obligated by contract with another to pay taxes may not, through his own default, obtain an advantage over the other.

2. SAME—VENDOR AND PURCHASER—REDEMPTION FROM TAX SALE PURCHASER.

   An assignee of vendee's interest under land contract requiring vendee to pay taxes on the property, which assignee covenanted with vendor to perform the contract and, after permitting the taxes to become in default, secured an option of repurchase from tax sale purchaser *held,* to have such option in trust for vendor.

3. VENDOR AND PURCHASER—MORTGAGES—FORECLOSURE.

   Foreclosure of mortgage on vendee interest under land contract, in which foreclosure vendor took no part, *held,* neither to have abrogated contract between holder of vendee interest and plaintiff vendor nor to have entitled her to obtain a title adverse to such vendor.

4. SAME—LACHES—REDEMPTION FROM TAX SALE.

   Plaintiff vendor who filed bill to redeem from tax purchase against tax sale purchaser and holder of vendee interest under land contract which vendee had permitted taxes to become in default and then secured an option to repurchase from such purchaser *held,* under the circumstances, not guilty of laches in waiting several years until such later contract was nearly paid up before commencing suit where vendor under original land contract had option, but not duty, of paying the taxes and no one appears to have been misled by its failure to take action sooner (1 Comp. Laws 1929, §§ 3535, 3536).

5. SAME—REDEMPTION FROM TAX SALE PURCHASER BY VENDOR.

   Vendor who sought to redeem from tax sale purchaser pursuant to contract entered into between such purchaser and holder of vendee interest under land contract and which holder had covenanted with plaintiff to perform such land contract upon

its consent to assignment by original vendee, *held*, entitled to accounting as to amount due on contract of redemption and upon payment thereof release of title by such purchaser and by holder of vendee interest and treatment of such payment by plaintiff as an optional payment of taxes under its original land contract (1 Comp. Laws 1929, §§ 3535, 3536).

Appeal from Oakland; Holland (H. Russel), J. Submitted April 13, 1937. (Docket No. 54, Calendar No. 39,396.) Decided May 21, 1937.

Bill by Ford Heights Land Company, a Michigan corporation, against Henry V. Schanert and wife and Howard A. Rasch to set aside tax certificate, tax deeds or tax liens, for an injunction and other relief. Bill dismissed. Plaintiff appeals. Reversed.

*Robinson & Freud,* for plaintiff.

*Richard S. Weber,* for defendant Rasch.

*Hollis C. Martin,* for defendants Schanert.

FEAD, C. J. In practical effect, the bill was filed to redeem from a tax purchase.

In 1924 plaintiff sold land to one Goyer on land contract, in which the vendee agreed to pay taxes on the premises, and if he defaulted therein the vendor "shall have the right to pay the same and have the payment due hereon from the time of such payment with interest at seven per cent. per annum till paid."

In 1925 Goyer assigned the vendee's interest in the contract to defendants Henry and Ida Schanert, by naked assignment. However, a written covenant with plaintiff was made by Ida Schanert that she would perform the contract. Plaintiff executed a consent to the assignment.

The Schanerts went into possession of the premises and still hold it. They mortgaged their vendee's

interest to one Scheurman, the mortgage was fore-closed in chancery in July, 1930, and the foreclosure sale became absolute. They made another assignment of their interest by way of security but it is of no moment here.

The Schanerts did not pay the taxes for 1927. The premises were sold to defendant Rasch at the tax sale in May, 1930, and, upon his obtaining a tax deed, he gave the statutory notices of reconveyance. Proof of service on plaintiff, made August 25, 1931, was filed in the office of the county clerk November 5, 1931. It is conceded that all of the tax proceedings were regular. It is to be noted that the time for repurchase from the tax title would expire May 5, 1932, six months after filing the return of service of the notices. 1 Comp. Laws 1929, §§ 3535, 3536.

On April 28, 1931, the Schanerts, through an attorney, wrote plaintiffs that the land would be for sale in 1931 for the taxes of 1927; that they were claiming to the auditor general an exemption because Schanert was a war veteran, they were trying to negotiate a mortgage to pay plaintiff and asked it to wait for its money. On March 18, 1932, the claim for cancellation of the tax was made to the auditor general by the Schanerts' attorney and was denied March 30, 1932.

May 2, 1932, Rasch executed to Ida Schanert an "option" under which he agreed to give her a deed of the premises in consideration of $255.59, paid down, and $230.59 to be paid in monthly instalments of $25, with interest at six per cent. She made payments until November 1, 1935, on which date the balance owing was $66.76.

In December, 1935, plaintiff tendered to Rasch full payment of all sums due him under the option. The tender was refused. It commenced this suit January 30, 1936, to require the Schanerts to assign to it

all their interest in the option and to compel Rasch to accept payment from it and convey his interest in the land to plaintiff. The court dismissed the bill.

Plaintiff has never released the Schanerts from their obligations under the land contract nor has it been cancelled. The last payment made thereon was on November 24, 1931, and the amount now owing is over $900.

While the record is not quite clear on the point, we will assume that the Scheurman foreclosure became fully effective before Ida Schanert took the option from Rasch.

At the time the option was taken, the period for reconveyance had not run and Rasch's title had not become complete and absolute. The rule is that one who is obligated by contract with another to pay the taxes may not, through his own default, obtain an advantage over the other. Because Ida Schanert's contract with plaintiff to pay the taxes was still in full force, her act in taking the option would amount to an agreement for redemption from the tax title, it inured to plaintiff's benefit, and she held it in trust for plaintiff. *Bertram* v. *Cook,* 32 Mich. 518; *Connecticut Mutual Life Ins. Co.* v. *Bulte,* 45 Mich. 113; *Wolf* v. *Holton,* 92 Mich. 136; *Simons* v. *Rood,* 129 Mich. 345; *Tyler* v. *Burgeson,* 229 Mich. 268.

The foreclosure of her mortgage to Scheurman, in which plaintiff had no part, neither abrogated her contract with plaintiff nor entitled her to obtain a title adverse to plaintiff. She was still its contract vendee.

Circumstances disclose no laches on the part of plaintiff. It had the option but not the duty to pay the taxes. The record presents nothing which would indicate to plaintiff that Ida Schanert was not act-

ing in furtherance of her contract duty to it and for its benefit or that she claimed an adverse title. Nor does it appear that anyone was misled by plaintiff's failure to take action sooner.

Decree reversed and the cause will be remanded to the circuit court to make an accounting of the amount due Rasch under the option and to enter decree for payment thereof by plaintiff, release to it by Rasch of his title upon such payment, release by Ida Schanert to plaintiff of her interest in the option, with the provision that the amount paid by plaintiff and the release to it by Rasch is to be treated as a payment of the taxes by plaintiff under the terms of the land contract. Plaintiff will have costs of both courts against all defendants.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.