BOWEN *v.* KUNKEL.

1. CANCELLATION OF INSTRUMENTS—DEEDS—LACHES.

In suit by aged parents of one of defendant grantees in deed sought to be set aside on ground of fraud and failure of consideration, claim that plaintiffs were guilty of laches in waiting over three years and seven months to set aside warranty deed to farm property in possession of which they have not been disturbed *held,* without merit.

2. EQUITY—CANCELLATION OF INSTRUMENTS—LIEN FOR PAYMENTS BY DEFENDANTS.

Lien upon premises until payment of sums advanced by defendants to plaintiffs, aged parents of defendant wife, plus legal interest, *held,* sufficient protection to defendants who had received warranty deed without exception, reservation or consideration for 80-acre farm upon which grantors have continued in possession where deed was set aside.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted January 12, 1938. (Docket No. 3, Calendar No. 39,667.) Decided April 4, 1938.

Bill by William T. Bowen and wife against Henry Kunkel and wife to set aside a deed and for other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*Brake, Davis & Miel,* for plaintiffs.

*Charles E. Misner,* for defendants.

BUSHNELL, J. Defendant Bessie Kunkel is the daughter of Nellie Bowen and the stepdaughter of

William T. Bowen, plaintiffs; defendant Henry Kunkel is her husband. Plaintiffs, aged 70 and 76, respectively, were the owners of an 80-acre farm in Montcalm county, on which there is a mortgage in the sum of $450. According to the testimony of the township supervisor, the property is assessed at $1,200. The holder of the mortgage was of the opinion that if someone wanted it for a home the farm might be worth $2,000 to $2,500, but that, if put up for auction at public sale, the premises would not bring more than $800 to $1,200.

Defendants had loaned plaintiffs small sums of money from time to time, with which to pay taxes and interest on the mortgage, but later, because of their inability to make further payments, plaintiffs became apprehensive of losing the farm. Just how the transaction was accomplished is disputed but, in any event, a deed was executed by plaintiffs conveying the premises to defendants. The deed was received in evidence but is not printed in the record, which is also silent as to the consideration paid therefor. Mrs. Bowen admitted that she wrote a letter to her daughter prior to the execution of the deed which read in part as follows:

"But we can't get money to pay our interest and taxes. Now if you want the place as Will told you last spring you could have it. You have the first chance. Now I don't want you to take it if you don't want it. We are going to let someone have it and you have the first chance."

Plaintiffs claim that it was well understood that they were to have a life lease on the premises and that defendants were to assume the unpaid mortgage indebtedness. Neither of these alleged agreements was carried out by defendants.

The conveyance in question was recorded but the plaintiffs have never been disturbed in their possession of the premises.

The bill of complaint in this cause, to set aside the conveyance of May 6, 1932, on the grounds of fraud and failure of consideration, was not filed until December 23, 1935, and then, according to defendants, only because there were some oil developments in the vicinity.

The trial judge filed a written opinion in which he found that:

"In the course of these conversations and discussions the defendants stated to the plaintiffs in substance that if they, the plaintiffs, would convey to them the farm in question they would pay off the mortgage and would also pay the taxes as they fell due and would give to them, the plaintiffs, a life lease of said premises. They also made certain other promises, none of which promises, however, have ever been fulfilled. It is quite probable, judging from the acts and conduct of the defendants that they did not intend to fulfill these promises when they made them. In such case the same would be fraudulent and would operate to avoid plaintiff's title. * * * Be that as it may it still remains a fact that the defendants, if plaintiffs' claims are true, procured a warranty deed of the premises in question without exception and reservation and without consideration."

The trial judge concluded: "that the allegations in the bill of complaint have been substantially sustained by the proofs and that the plaintiffs are entitled to a decree as prayed for in said bill, subject to the payment by plaintiffs to the defendants of the moneys paid or advanced by them as interest on the mortgage, and taxes on the land, with interest at the rate of 5 per cent. from the date of said several

payments. Such payment shall be made on or before 60 days after the entry of the decree herein and the aggregate of such payments and advancements will be fixed and determined at the time of the settlement of the decree and will remain a lien on said land until fully paid."

Defendants appeal from a decree entered in conformity to the foregoing findings.

Appellants do not question the power of a court of equity to cancel a conveyance under the circumstances of this case. Defendants urge that plaintiffs are guilty of laches. An examination of that claim in the light of the testimony shows it to be without merit. *Ford Heights Land Co.* v. *Schanert,* 279 Mich. 693.

Determination of the issues raised by the bill and answer depends upon the weight to be given to the conflicting testimony of the parties. The trial judge preferred to believe plaintiffs and there is sufficient testimony to support his conclusions. We see no reason to disturb the result reached.

Appellants urge that if the decree is not reversed, it should be modified so as to provide that, unless the payment is made within 60 days, the bill of complaint should be dismissed. We are not disposed to acquiesce in this suggestion. The provision for a lien upon the premises is sufficient protection to defendants.

The decree is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.