McALPINE *v.* MEEHAN.

1. TAXATION—SALE FOR DELINQUENT TAXES—PURCHASE BY PERSON OBLIGATED TO PAY.

> One who is obligated by contract with another to pay taxes on property may not, through his own default, obtain an advantage over the other; hence, if the obligor purchase the premises at sale by State for nonpayment of taxes, either at an original tax sale or so-called scavenger sale, he and the former owner are remitted to their original position and rights as they stood before the sale, and as they would have stood had the taxes been paid when due, such purchase operating as a redemption.

2. SAME—SCAVENGER SALE—MATCHING HIGHEST BID—ASSIGNMENTS.

> Where State acquired absolute title to property on November 3, 1939, because of delinquency in payment of taxes and plaintiff became an assignee of the vendor's interest on March 12, 1940, with full knowledge of the tax delinquency, plaintiff did not have, on February 27, 1941, under the statute then in force,

the right to match the bid of defendant land contract purchaser who bought the property at the scavenger sale then held (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

3. VENDOR AND PURCHASER—ASSIGNMENT—SCAVENGER SALE—REDEMPTION—ESTOPPEL.

An assignee of the vendor's interest may maintain suit to establish title to premises upon which defendant purchaser had defaulted in her obligation to pay taxes and then purchased premises at so-called scavenger sale since such purchase was in the nature of a redemption of the property, re-established contract rights and estopped defendant to claim otherwise.

4. SAME—ASSIGNMENT—SCAVENGER SALE—REPAIRS AND IMPROVEMENTS.

In suit wherein title to land is held to be in assignee of vendor under land contract, who had commenced proceedings to forfeit the contract before purchaser, who had been obligated to pay the taxes but had defaulted therein, had received a land contract from the State pursuant to her bid at scavenger sale which had been held before forfeiture of the original land contract, defendant is allowed 90 days within which to pay amount due and owing under original contract and amount plaintiff has spent for repairs and improvements and is required to fulfill contract with the State land office board, per STARR, C. J., and BUSHNELL, SHARPE, BOYLES, and REID, JJ., and is allowed 90 days to pay amount due and owing under original contract and amount spent for repairs and improvements to plaintiff and in default thereof such defendant's interest is forfeited and plaintiff given 90 days thereafter in which to reimburse defendant for amount paid by her under land contract with State without interest per STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES and REID, JJ.

Appeal from Wayne; Brennan (John V.), J., as successor to Moll (Lester S.), J. Submitted April 6, 1945. (Docket No. 63, Calendar No. 43,021.) Decided June 29, 1945.

Bill by Mary McAlpine against Theresa Meehan and another to have decree that plaintiff is sole owner of real estate as against defendants and for injunction. Decree for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*John G. Cross,* for plaintiff.

*Victor H. Wehmeier,* for defendant.

Sharpe, J.   This is a suit wherein plaintiff, Mary McAlpine, seeks to be declared the sole owner of a piece of real estate free from any claim of the defendant Theresa Meehan.

On March 9, 1921, Juliana Goll and Clara Meehan sold a piece of property on contract to defendant Theresa Meehan for the sum of $3,000 payable $800 upon execution and delivery of the contract and the balance in payments of $25 or more each month.

The contract provided:

"If default be made on the part of the party of the second part in making such payment of taxes or assessments, said parties of the first part shall have the right to pay the same and have the payment due hereon from the time of such payment with interest at seven per cent. per annum till paid."

Defendant made payments until on or about July 9, 1932, reducing the balance of unpaid principal to $375.71.   Defendant made no further payments on the contract and for some time prior to the above date had failed to pay the taxes assessed against the property.   The property was sold to the State at the 1938 tax sale from which there was no redemption, with the result that title became absolute in the State of Michigan as of November 3, 1939.   The State sold the property to defendant Meehan for the sum of $637.50 with a down payment of $83.75 and the balance of $573.75 payable in monthly instalments of $10 each.   Theresa Meehan's bid for the premises was made on February 27, 1941, but the land contract was not executed and delivered by the State until June 11, 1941.   Plaintiff who is an assignee of the vendor's interest in

the land contract attempted to match Meehan's bid, but the State land office board denied her any relief.

On March 10, 1921, Juliana Goll and Clara Meehan, the vendors in the above-mentioned contract, assigned their interest in said contract to George H. Reif. On February 15, 1940, George H. Reif and wife assigned their interest in the contract to Retta E. Dalton. On March 12, 1940, Retta E. Dalton assigned her interest in the contract to Mary McAlpine, plaintiff herein, who took physical possession of the premises and rented the same to defendant Edward P. Lemuel. Occupancy of the premises by Edward P. Lemuel was without the knowledge or consent of the Tri-County Land Agency, managing agents for the State of Michigan. Edward P. Lemuel paid rent to defendant Theresa Meehan covering the period from June 11, 1941, to July 11, 1941. He refused to pay more rent, but continued to occupy the premises. On February 3, 1943, Theresa Meehan who had brought action against Lemuel, recovered judgment in the sum of $432.50. On February 19, 1943, Meehan who had instituted summary proceedings against Lemuel, obtained a judgment of restitution of the premises.

On April 29, 1941, plaintiff served a notice of intention to forfeit the land contract on defendant Theresa Meehan and on May 14, 1941, a notice was served on defendant Theresa Meehan that said contract had been forfeited.

On March 18, 1943, plaintiff brought the present suit and alleges that defendant Theresa Meehan has no title, interest or ownership in the premises since the forfeiture of the land contract on May 14, 1941. Defendant Edward P. Lemuel filed a cross bill in which he alleges that he rented the premises from plaintiff and paid monthly rent for the same; and that the judgment of $432.50 in favor of defendant

Theresa Meehan was procured by fraud. He asked that Theresa Meehan be permanently enjoined from taking any further proceedings on said judgment.

The trial court entered a decree which provided as follows:

"7. No proceedings in court were taken by plaintiff immediately following her action with respect to the service of the notice of intention to forfeit, and the notice of forfeiture hereinbefore referred to in order to secure possession of the said property, until the filing of the bill of complaint in the case at bar, other than the possession hereinbefore referred to.

"8. The assignment executed by George Reif and his wife transferred no interest in the land to Retta E. Dalton, nor did the conveyance and assignment from her convey anything to plaintiff, and the plaintiff had no interest in the premises at the time of the tax sale, and that the bill of complaint should be dismissed. The sum of $639.62 expended by the plaintiff for improvements having enhanced the value of the premises should be repaid by the defendant Meehan.

"9. The defendant Lemuel should be reimbursed by the plaintiff, for the rent paid to her in the sum of $432.50.

"10. The defendant Theresa Meehan should be permitted to proceed with her legal remedy against the defendant Lemuel for all rents accruing since June 11, 1941."

The decree also provided for dismissal of plaintiff's bill of complaint and dissolution of the injunction theretofore issued.

Edward P. Lemuel has not appealed and his status in the proceedings will not be changed by results reached in this opinion.

Plaintiff appeals and urges that defendant Meehan's purchase of the property at scavenger sale

was subject to the contract which rested on it when she let the State take it for taxes; and that plaintiff, as assignee of the vendor's interest in the contract, obtained all rights that the vendor had in the contract. Defendant Theresa Meehan urges that her purchase of the property at the scavenger sale was a purchase under a new title and did not amount to a redemption because plaintiff acquired no rights under her assignment.

In coming to our conclusions, we have in mind that the issuance of a contract by the State land office board to defendant Theresa Meehan is not involved. The principal question for decision involves the right of plaintiff, the last assignee of the vendor's interest in the land contract, to be declared the sole owner of the property in question. We have in mind that plaintiff's interest in the property was acquired after the State had acquired title to the same by virtue of the tax sale. We also have in mind that title to this property came to the State because of the failure of Theresa Meehan to meet her contract obligations of paying taxes on said property.

The rule is well settled that "one who is obligated by contract with another to pay the taxes may not, through his own default, obtain an advantage over the other." *Ford Heights Land Co.* v. *Schanert,* 279 Mich. 693; *Jacobsen* v. *Nieboer,* 299 Mich. 116; *Walker* v. *Woods,* 308 Mich. 24.

See, also, *Blackwood* v. *Van Vleit,* 30 Mich. 118; *Connecticut Mutual Life Insurance Co.* v. *Bulte,* 45 Mich. 113; *Hubbard* v. *Shepard,* 117 Mich. 25 (72 Am. St. Rep. 548); *Simons* v. *Rood,* 129 Mich. 345; *Tyler* v. *Burgeson,* 229 Mich. 268.

In *Dubois* v. *Campau,* 24 Mich. 360, 370, it was said:

"But in a case where a party whose duty it is to pay all the taxes on the land, allows it to be sold for

such taxes to a stranger who might hold the whole against all parties, though this may terminate the tenancy while such tax-title is held by another, yet it has been terminated by the wrong of the party in default; and when *he* purchases in the title, he and the former owners are remitted to their original position and rights as they stood before the sale, and as they would have stood had the taxes been paid when due, or had the sale for taxes been made directly to such party in default. Such, we think, must be the result upon principle."

It is equally as well settled that this rule is as applicable under the tax statutes * involved here as under previous tax statutes. In *Jacobsen* v. *Nieboer, supra,* the mortgagors purchased the premises at a scavenger sale which resulted from their failure to pay the taxes as they became due and as the mortgagors had covenanted to do. We there said (p. 133):

"There is no such dissimilarity between the present and previous statutes as to establish a law that defendants may take advantage of their own default and their breach of the express covenants in their mortgage. Equity will consider that defendants redeemed the land when they subsequently exercised their right as former owners to match the highest bid at the scavenger sale. Defendants are estopped from claiming an interest in the land in question as against plaintiffs (mortgagees) in foreclosure proceedings."

From the early case of *Dubois* v. *Campau, supra,* down to the present time, the general rule above quoted has been adhered to. It has also been the rule that property purchased at a tax sale by one

---

* See Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723–7, Stat. Ann. 1940 Cum. Supp. § 7.957). Reporter.

in default operates to place the parties to the contract at the time of its breach in the same position as they stood before the tax sale. *Dubois* v. *Campau, supra.* As was said in *Tyler* v. *Burgeson, supra:*

"When defendant himself paid for these tax titles he but paid his own debt and the payment operated as a redemption."

Defendant recognizes these rules, but urges that plaintiff being an assignee of the vendor's interest in the original contract and having acquired such interest after title had vested in the State with full knowledge that the property had been sold for taxes acquired no rights in the original contract. Such a claim is valid insofar as plaintiff's right to match the bid at the scavenger sale is concerned, but we are not concerned with the scavenger sale. The purchase of this property at the scavenger sale by defendant Theresa Meehan operated as a redemption. In *Jacobsen* v. *Nieboer, supra,* title to the property had vested in the State by virtue of the tax sale, yet we held that the purchasers of the property at scavenger sale who were the owners and mortgagors prior to the tax sale could not defeat a suit in chancery to foreclose the mortgage. Decision therein was based upon the premise that "equity will consider that defendants (mortgagors) redeemed the land when they subsequently exercised their right as former owners to match the highest bid at the scavenger sale. Defendants are estopped from claiming an interest in the land in question as against plaintiffs (mortgagees) in foreclosure proceedings."

In the case at bar, plaintiff acquired the interests of the original vendor in the contract. Under decision in the *Nieboer Case, supra,* the original vendor

could maintain the present suit and by virtue of assignments plaintiff succeeds to such right. When Theresa Meehan purchased the property at the scavenger sale, she did so by virtue of her contract with Juliana Goll and Clara Meehan. Such purchase was in the nature of a redemption of the property and reestablished contract rights; at least the doctrine of estoppel denies defendant the right to claim otherwise.

A decree will be entered requiring defendant Theresa Meehan to perform and fulfill her contract with the State land office board and pay plaintiff Mary McAlpine the amount spent for repairs and improvements as well as the amount due and owing on her contract with Goll and Meehan. She may have 90 days to comply with the terms of the decree. Plaintiff may recover costs.

STARR, C. J., and BUSHNELL, BOYLES, and REID, JJ., concurred with SHARPE, J.

NORTH, J. While I am in accord with the reasoning and general conclusions of the opinion of Mr. Justice SHARPE, I cannot concur in the manner in which he has finally disposed of the case because I think it is inadequate. Instead, I am of the opinion that the decree to be entered in this Court should provide that defendant Theresa Meehan within 90 days after the entry of our decree shall pay to plaintiff the balance of the purchase price on her contract originally made with Goll and Meehan together with accrued interest thereon and shall also pay to plaintiff $639.62, the amount expended for repairs and improvements made by plaintiff on the property in suit; and upon compliance with the above provisions defendant Theresa Meehan shall become and

be decreed to be the owner of the property involved as against any and all rights of plaintiff Mary McAlpine.

Our decree should further provide that in default of compliance, within the time limited, with the foregoing provisions by Theresa Meehan, the circuit court shall enter a supplemental decree providing that all the rights of Theresa Meehan in and to the property in suit are foreclosed and terminated, and plaintiff subrogated to all the rights of Theresa Meehan as vendee in the land contract with the State of Michigan to the same effect as though Theresa Meehan had assigned her rights as vendee in said land contract to Mary McAlpine; provided, however, that within 90 days after entry of such supplemental decree in accordance with this paragraph plaintiff shall reimburse defendant Theresa Meehan for the total of her payments (without interest) made to the State of Michigan on its contract covering the land in question, and payment thereof to Theresa Meehan shall be secured by a lien upon the interest of plaintiff in the said land.

Our decree should also provide for remand of the case to the trial court for any further proceedings therein, and in particular for entering a supplemental decree in accordance with our decree herein in which there shall be recited the final disposition of the property rights of the respective parties under the one or the other of the foregoing alternatives, and that such supplemental decree may be made a matter of record in the register of deeds office in the county of Wayne. And our decree should award plaintiff Mary McAlpine costs on this appeal.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with NORTH, J.