FELDMAN v M J ASSOCIATES

Docket No. 52302. Submitted March 2, 1982, at Detroit.—Decided July 13, 1982.

Stuart Feldman and Laurence Harwin, owners of a certain parcel of real estate, sold the land to David J. Wood by a land contract. Wood assigned his land contract vendee's interest to Indian Hills Land Associates. Indian Hills subsequently assigned its land contract vendee's interest to Freeland Investment Company, Inc., which in turn assigned that interest to Fentown Associates, which subsequently assigned that interest to M. J. Associates. Thus, M. J. held a land contract vendee's interest subject to five vendor's liens held by the previous sellers. Thereafter, M. J. ceased making payments to Indian Hills. Indian Hills thereupon stopped making payments to Feldman and Harwin. Feldman and Harwin filed suit in Oakland Circuit Court against David J. Wood, Indian Hills, Freeland Investment, Fentown Associates, M. J. Associates, and Consumers Power Company, seeking foreclosure of the defendants' land contract vendee's interest. The court, Farrell E. Roberts, J., granted summary judgment to the plaintiffs and scheduled a judicial sale of the property and ordered that any defendant could redeem the property during the redemption period which would end six months after the sale. Feldman and Harwin bought the property at the judicial sale. M. J. subsequently redeemed the property. Thereafter, Indian Hills attempted to redeem the property. M. J. received a warranty deed naming it as fee simple absolute owner of the land. Indian Hills filed a motion in the trial court to have the court order removal of that deed from record, issuance of a warranty deed to Indian Hills Land Associates and to order payment by M. J. Associates for reduction in the land contract balance. The court held that M. J.'s redemption was final but that Indian Hills had an

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 77 Am Jur 2d, Vendor and Purchaser § 430.

Redemption rights of vendor defaulting under executory land sales contract after foreclosure sale or foreclosure decree enforcing vendor's lien or rights. 51 ALR2d 672.

[3] 72 Am Jur 2d, State and Local Taxation § 997.

equitable mortgage securing payment of the balance of the land contract price owed by M. J. to Indian Hills. M. J. appeals alleging that the trial court erred in declaring an equitable mortgage in favor of Indian Hills. Indian Hills cross-appeals contending that the trial court erred in ruling that it had lost its right to redeem by virtue of M. J.'s redemption. *Held:*

A valid redemption of property generally operates to cut off the redemption rights of other parties entitled to redeem. Thus, M. J.'s redemption should be valid. In addition, equitable considerations dictate the imposition of an equitable mortgage in favor of Indian Hills. A vendor's lien was provided for in the original contract between M. J. and Indian Hills. As between those two parties, the contract remains in force. The equities are approximately equal in this case and justice would be best served by restoration of the parties to their original positions. Because that is precisely what the trial court did, its judgment should be affirmed.

Affirmed.

1. PROPERTY — LAND CONTRACTS — REDEMPTION AFTER FORECLOSURE.

The statute on redemption after foreclosure of a land contract is silent on the problem of priority between parties entitled to redeem; absent overriding equitable considerations, the fairest approach is to grant priority to the first party to exercise its right of redemption (MCL 600.3140; MSA 27A.3140).

2. PROPERTY — LAND CONTRACTS — REDEMPTION AFTER FORECLOSURE.

A valid redemption of property after foreclosure of a land contract generally operates to cut off the redemption rights of other parties entitled to redeem.

3. PROPERTY — PURCHASERS AT TAX SALE.

A purchaser of property at a tax sale of that property merely restores the chain of title and equity should enforce all contracts that existed prior to the tax sale where the sale is necessitated by a breach of a covenant to pay taxes; although the statute on redemption after foreclosure of a land contract does not contain an analogous provision, equitable considerations justify application of similar enforcement of prior contracts where the sale and redemption of the property was necessitated by the vendee's failure to make the payments on the land contract.

*Donald A. Turner,* for M. J. Associates.

*William L. Elson, P.C.,* for Indian Hills Land Associates.

Before: R. M. Maher, P.J., and Beasley and P. J. Marutiak,* JJ.

Per Curiam. Plaintiffs instituted this action on August 14, 1977, in Oakland County Circuit Court, seeking foreclosure of the defendants' land contract vendee's interests. The trial court granted summary judgment on the foreclosure claim and scheduled a judicial sale, stating that any defendant could redeem the property during the redemption period, which would end six months after the sale. Accordingly, after the sale, defendant M. J. Associates (M. J.) redeemed the property and received a warranty deed. Shortly thereafter, defendant Indian Hills Land Associates (Indian Hills) filed a motion for removal of the deed from record, issuance by the plaintiffs of a warranty deed to Indian Hills, and to order payment by M. J. as a reduction in the land contract balance. The trial court refused to grant this motion, ruling that M. J.'s redemption of the property had cut off Indian Hills's right to redeem. However, the court declared the existence of an equitable mortgage on the property in favor of Indian Hills. M. J. appeals and Indian Hills cross-appeals those rulings.

This case began with the sale by land contract of a parcel of real estate by the plaintiffs to David J. Wood on January 22, 1971. Wood assigned his land contract vendee's interest to Indian Hills some six months later. Indian Hills subsequently assigned its interest to Freeland Investment Company, Inc., which in turn assigned its interest to Fentown

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Associates, who subsequently assigned their interest to M. J.

When the dust had cleared, M. J. held the land contract vendee's interest subject to five vendor's liens held by the previous sellers.

The trouble began when M. J. stopped making payments to Indian Hills, which in turn stopped making payments to the plaintiffs, who thereupon sought foreclosure of their vendor's lien. Plaintiffs bought the property at the judicial sale for $55,300.28. The sale took place on June 30, 1978. On December 20, 1978, M. J. redeemed the property. Nine days later, Indian Hills attempted to redeem the property.

The trial court found that at the time of foreclosure, Indian Hills owed the plaintiffs $54,401 and M. J. owed Indian Hills $205,000. The court ruled that M. J.'s indebtedness to Indian Hills should be reduced by the amount M. J. had paid for the redemption. The court then declared an equitable mortgage in favor of Indian Hills as security for the remaining indebtedness.

On cross-appeal, Indian Hills contends that the trial court erred in ruling that Indian Hills had lost its right to redeem by virtue of M. J.'s redemption.

Redemption after land contract foreclosure is governed by MCL 600.3140; MSA 27A.3140, which provides in part:

"The vendee of a land contract, his heirs, executors, administrators, or any person lawfully claiming from or under him or them may redeem the entire premises sold within 6 months from the time of the sale by paying to the purchaser, his executors, administrators, or assigns or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the sum which was bid

with interest from the time of the sale at the rate percent borne by the land contract. * * * After these sums have been paid the deed of sale is void and of no effect, * * *."

The statute on redemption is silent on the problem of priority between parties entitled to redeem. Absent overriding equitable considerations, we believe that the fairest approach is to grant priority to the first party to exercise its right of redemption. Indian Hills had 5 months and 20 days to redeem before M. J., and did not attempt to redeem until 2 days before the expiration of the redemption period.

We hold that a valid redemption of property generally operates to cut off the redemption rights of other parties entitled to redeem.

On appeal, M. J. contends that the trial court erred in declaring an equitable mortgage in favor of Indian Hills. The court issued its ruling in the following manner:

"Equitable considerations also dictate that there exists on the property, an equitable mortgage in favor of Indian Hills. As the court clearly held in the July 3rd opinion, the redemption by M. J. Associates did not operate to extinguish their debt on the land contract to Indian Hills, rather the debt was reduced by the count [sic] paid by M. J. Associates for the redemption.

"The Supreme Court in *Judd v Carnegie,* 324 Mich 583 [37 NW2d 558] (1949), noted that:

" 'The power of a court of equity to decree an equitable mortgage under proper circumstances * * * is well established.' *Id.,* 587.

"The court finds the 'proper circumstances' to be present in the case at bar. Inasmuch as an equitable mortgage vests the grantee-mortgagee with the right to bring an action for foreclosure, in the event that the obligation of the grantor as mortgagor is not performed, *In re VanDuzer,* 390 Mich 571 [213 NW2d 167] (1973), Indian Hills's interests are protected."

We agree with the trial court's determination that equitable considerations dictated the imposition of an equitable mortgage. Prior to M. J.'s default on its obligation to Indian Hills, Indian Hills held a vendor's lien on the property. We do not believe that, under the circumstances of this case, M. J. should be permitted to utilize its redemption of the property to defeat Indian Hills's security interest. A vendor's lien was provided for in the original contract between M. J. and Indian Hills; as between those two parties, the contract remains in force.

According to *McAlpine v Meehan,* 312 Mich 107; 19 NW2d 765 (1945), a purchaser at a tax sale merely restores the chain of title and equity will enforce all contracts that existed prior to the tax sale where the sale is necessitated by a breach of a covenant to pay taxes. The *McAlpine* rationale is persuasive in the present context where the judicial sale occurred as a result of M. J.'s failure to make payments on its land contract.

We recognize that the *McAlpine* holding was based on a particular statutory provision governing tax sales, 1948 CL 211.353, and that no analogous provision exists with respect to redemptions. For that reason we must concede that *McAlpine* is distinguishable from the present situation. Nevertheless, we believe that the statute on tax sales or property was shaped by equitable considerations and that the same considerations justify application of a similar approach to the case at bar.

We find the equities approximately equal in this case and believe that justice would be best served by restoration of the parties to their original positions. Because that is precisely what the trial court did, its judgment is affirmed.

Affirmed. No costs, neither party having prevailed in full.