RZEWUSKI v. WEBB.

1. TAXATION — NOTICE OF REDEMPTION — FORM — STATEMENT OF AMOUNT OF PENALTY.

The general tax law provisions relative to contents of notice of redemption from sale of land for delinquent taxes are not mandatory, but directory, as to statement of amount of penalty as the form of the notice is required only substantially in that set forth in the statute (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

2. SAME—NOTICE OF REDEMPTION—STATEMENT OF AMOUNT PAID.

The essential requisite of the notice for redemption from sale of land for delinquent taxes is that it contain the exact amount paid by the purchaser at the sale and if that amount is not overstated the notice will not be invalid because an excessive amount is claimed for other items, such as the penalty, before redemption could be effected (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

3. SAME—NOTICE OF REDEMPTION—STATEMENT OF AMOUNT PAID— DEMAND OF EXCESSIVE PENALTY—STATUTES.

Notice of redemption from sale of land for delinquent taxes which correctly stated amount purchaser at tax sale had paid but which, pursuant to printed form, demanded 100 per cent. of such amount as penalty instead of 50 per cent. thereof as provided in amendment of statute effective but five days before the sale, *held*, not invalid (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

Appeal from Clare; Hart (Ray), J. Submitted June 11, 1940. (Docket No. 69, Calendar No. 41,093.) Decided September 6, 1940.

Ejectment by Kazimierz J. Rzewuski and another against Ralph H. Webb and others to obtain posses-

sion to land. Judgment for plaintiffs. Defendants appeal. Reversed.

*Dayton W. Closser,* for plaintiffs.

*Maurice Black,* for defendants.

McALLISTER, J. On May 3, 1932, Ralph H. Webb purchased, at a tax sale, from the auditor general the following described property:

The northeast ¼, the west ½ of the southeast ¼, and the southeast ¼ of the southwest ¼ of section 3, town 19 north, range 4 west, Clare county, Michigan.

The sale was for delinquent taxes for 1928 in the amount of $135.12, which defendant Webb paid. On August 17, 1932, Mr. Webb received deeds of the property from the auditor general and on November 16, 1932, caused notice of redemption to be served upon Rzewuski, the last grantee appearing of record in the regular chain of title. There having been no redemption, defendant Webb, after the expiration of the statutory period therefor, moved onto the land with his family. Thereafter, on August 28, 1933, Webb sold an interest in the land to defendant Daniels. Webb and Daniels improved the property, which was in an abandoned condition when they took possession, and they and their families have been living on the premises since.

Four years after Webb and Daniels had moved onto the premises, oil was discovered in Clare county and defendants leased their land to the Sun Oil Company on August 27, 1937, recording the lease three months thereafter.

On May 21, 1938, plaintiff Bonninghausen secured from plaintiff Rzewuski a quitclaim deed to a one-

half interest in the land above described; and on June 15, 1938, plaintiffs commenced this action in ejectment, claiming that defendants' title was void because of a defect in the notice of redemption which had been served upon Rzewuski subsequent to the tax sale. The circuit court held that the notice was invalid, and entered judgment in favor of plaintiffs.

The claimed invalidity is based upon the fact that the notice of redemption claimed, as a penalty, 100 per cent. of the amount of the taxes paid, instead of 50 per cent. thereof. The notice was a form in which the claim for 100 per cent. penalty was printed. Such a penalty was provided for in 1 Comp. Laws 1929, § 3535. Act No. 10, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 3535, Stat. Ann. § 7.198), amended the foregoing by reducing the penalty to 50 per cent. of the taxes paid. The amendment became effective five days before the tax sale in question. The sole issue presented is whether the notice was invalid because of the excessive claim for penalty.

Section 3535, 1 Comp. Laws 1929, as amended, provides, in part:

"No writ of assistance or other process for the possession of any land the title to which has been obtained under and in pursuance of any tax sale made after the twenty-ninth day of August, in the year of our Lord eighteen hundred ninety-seven; or of any sale of State tax lands or State bids made after the said twenty-ninth day of August, eighteen hundred ninety-seven, except where such title shall be obtained under the provisions of section one hundred thirty-one of this act, shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he has made personal service of a notice or proof of substituted service thereof, as hereinafter pro-

vided, upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service, and upon the person or persons, if any there be, in the actual open possession of such lands at the date aforesaid, and upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's taxes then appearing of record in said registry of deeds, and upon the mortgagee or mortgagees named in all undischarged recorded mortgages or any assignee or assignees thereof of record at the date aforesaid, and upon the holder of record of all undischarged recorded liens, *which shall be substantially in the following form:*

"To the owner or owners of any and all interests in, or liens upon the land herein described:

"Take notice, That sale has been lawfully made of the following described land for unpaid taxes thereon, and that the undersigned has title thereto under tax deed or deeds issued therefor, and that you are entitled to a reconveyance thereof, at any time within six months after return of service of this notice, upon payment to the undersigned or to the register in chancery of the county in which the lands lie of all sums paid upon such purchase, together with fifty per centum additional thereto, and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the further sum of five dollars for each description without other additional cost or charges. If payment as aforesaid is not made, the undersigned will institute proceedings for possession of the land.

"Description ... amount paid ... taxes for 1 ...
"(Signed) .........................
"Place of business................."

Section 3536, 1 Comp. Laws 1929, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.) Comp. Laws Supp. 1935, § 3536, Stat. Ann. § 7.199), provides, in part:

"Any person having any estate in such lands or any interest therein, either in fee, for life or for years, or any mortgagee thereof or assignee of any undischarged mortgage thereon, or the holder of any lien thereon, or any executor, administrator, trustee or guardian or such persons, or any of them, or any person in the actual possession of such lands at the time of such tax purchase, shall be entitled to receive from the person so claiming under and by virtue of such tax deed, his heirs or assigns at any time within six months after the filing of return of service or the filing of proof of publication of such notice, as hereinbefore provided, a release and quitclaim of all right and interest in such land acquired under such tax deed or deeds, upon payment to him or them, or to the register in chancery of the county in which the lands are located, of the amount paid upon such purchase, together with fifty per centum in addition thereto, and the lawful fees of such personal or substituted service, which fee shall be the same as provided by law for service of subpoenas or for orders of publication or the cost of such service by registered mail, and the further sum of five dollars for each description, without additional cost or charge: *Provided,* That any person or persons entitled to a release and quitclaim under the foregoing provisions of this section, at any time after the issue of tax deeds on such lands, or after the purchaser thereof shall be entitled to such tax deeds, and before service of notice or return thereof as herein provided, shall have the right to redeem such lands from such sale, by paying to the purchaser, or his grantee, or to the register in chancery of the county in which the lands lie, on the certificate of the auditor general or his deputy, *all sums paid as a condition of such purchase,* together

with fifty per centum additional thereto, and the further sum of five dollars for each description. By such payment the tax title and any and all such certificates of sale shall become void and of no effect against the lands to be redeemed.''

Although 1 Comp. Laws 1929, § 3535, as amended, providing for the form of notice of redemption to be served, sets forth the amount of the penalty as 50 per centum of the amount paid, nevertheless, the statute is not mandatory in requiring such sum to be stated in the notice but, on the other hand, is merely directory, inasmuch as the provision for the form of notice only requires ''substantially in the following form,'' reciting thereafter the items to be set forth. It is only in 1 Comp. Laws 1929, § 3536, as amended, that it is provided that redemption may be had by paying ''all sums paid as a condition of such purchase,'' together with fees and a penalty of 50 per centum of the taxes paid.

The essential requisite of the notice for redemption is that it contain the exact amount paid by the purchaser at a tax sale. It has been held that where the notice for redemption overstates the amount paid by the purchaser, the notice is invalid. In *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335, the notice overstated the amount paid by the sum of 89 cents, and following strict construction of the provisions of the statute, such notice was held void. It is said that the legislature presumably required that the amount paid on a tax sale be stated in the notice because of the difficulty of ascertainment thereof by the person receiving the notice. *Rogers* v. *Davison,* 188 Mich. 519. But none of the cases in this State hold that the notice of redemption is invalid where the amount paid by the purchaser is accurately set forth; and such notice is not void where excessive amounts are claimed for items other

than the amount paid for the property. In *Dunn* v. *Papenfus,* 202 Mich. 131, an excessive demand was made for sheriff's fees; in *Triangle Land Co.* v. *City of Detroit,* 204 Mich. 442 (2 A. L. R. 1526), the notice included a claim for payment of taxes for a certain year, which were conceded to be void; in *Burch* v. *Nippress,* 213 Mich. 185, an excessive demand for $30 for description fees was made; in *Weston* v. *Moore,* 265 Mich. 165, the total amount demanded exceeded the sum of the items authorized by law; nevertheless, in all of the foregoing cases the notices were held valid.

In the instant case, the demand for the 100 per centum penalty was due to a mistake of law on the part of the tax purchaser. It could have been ascertained by the previous owner that the correct amount of the penalty that could be demanded was 50 per centum of the taxes paid; moreover, it is presumed that the previous owner knew such fact. The amount stated in the notice as having been paid for the property described therein was accurate. Where the amount paid is truthfully set forth in the notice, excessive claims for other items do not result in invalidity. It, therefore, follows that the mistaken claim on the part of defendant Webb for a penalty in excess of that authorized by law does not void the notice of redemption.

The judgment is reversed without a new trial, and, with costs to defendants.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.