### DIEL *v.* DIEL.

1. Executors and Administrators—Final Account—Res Judicata—Rents—Heir-at-Law—Consent of Administrator.

An unappealed order of the probate court allowing an administrator's final account was *res judicata* as between the administrator and the estate to the extent of determining the amount of money received by him and his disbursements as

---

Conversion of chattels, see Restatement, Restitution, § 128.
Value of benefit when money received, see Restatement, Restitution, § 150.

administrator, in the absence of fraud or concealment of material facts, but was not *res judicata* of question, not before probate court, as to whether an heir-at-law who had collected rents from tenants on the property with the consent of the administrator had accounted to the administrator for all the rent money received by him or owing from him up to the time of the accounting.

2. SAME—ACCOUNTING.

A bill for accounting may be maintained by heirs-at-law for moneys wrongfully withheld which were not entered in an administrator's accounting, or not passed upon by the probate court, although such account has been approved by the court.

3. DESCENT AND DISTRIBUTION—REALTY—PERSONALTY—EXECUTORS AND ADMINISTRATORS.

Title to real estate of an intestate decedent passes to heirs-at-law, subject to the right of an administrator to possession and the income therefrom for the purpose of paying debts to creditors and expenses of administration while the legal title to personalty of a decedent is in the administrator, the equitable title in the heirs, subject to the rights of creditors and expenses of administration, and the heirs may maintain a bill in equity to secure an accounting for property alleged to have been fraudulently obtained or withheld.

4. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—RES JUDICATA.

An annual or a final account of an executor or administrator is conclusive as to all matters which are before the court and are adjudicated in its allowance, but the order of allowance is not final or conclusive and does not constitute an adjudication in matters which were not before it upon the accounting and which were not considered by the court nor passed upon in allowing the account.

5. APPEAL AND ERROR—PARTITION—ACCOUNTING—FINDINGS OF FACT —DE NOVO HEARING—CREDIBILITY OF WITNESSES.

While on appeal in suit for partition and an accounting between tenants in common the Supreme Court hears a case *de novo,* very clear evidence must appear in the record to justify disturbance of the trial court's findings of fact as the credibility of witnesses is a matter to be left to the trial court.

6. TENANCY IN COMMON—FINDINGS OF FACT—EVIDENCE—RENTS.

In suit for partition of income property acquired by the parties by inheritance from a deceased brother and owned by them as tenants in common and for an accounting from defendant

heir-at-law who had collected rents from other tenants in the premises with permission of the administrator of the estate of the deceased brother, finding of trial court that defendant owed $2,022.63 for rentals collected and for his own rent after liberal deductions for collection fees and expenses *held,* fully supported by the evidence.

Appeal from Kent; Hoffius (Cornelius), J. Submitted April 8, 1941. (Docket No. 26, Calendar No. 41,514.) Decided June 2, 1941.

Bill by Louis Diel, Mary Gassenmeier, and Elizabeth Brown against George Diel for partition and accounting. From portion of decree ordering payment of money, defendant appeals. Affirmed.

*Norman A. Lilly,* for plaintiffs.

*Glocheski & Glocheski,* for defendant.

Boyles, J. This is a proceeding in chancery for partition of certain real estate, and for an accounting of rentals claimed to be due from the defendant. The circuit judge entered a decree for sale of the premises in partition under the statute;* and further provided that defendant pay over the sum of $2,022.63 found to be due from him for rentals, and that it be charged against the defendant's share of the proceeds of the sale in partition. Defendant does not question that part of the decree for partition, but appeals on the ground that the decree for payment of money is not justified by the facts.

Plaintiffs and defendant (brothers and sisters) acquired the property in question as tenants in common by inheritance from a deceased brother. It consisted of two income apartment properties, one

---

* See Comp. Laws 1929, § 14995 *et seq.* (Stat. Ann. § 27.2012 *et seq.*).—Reporter.

of which was occupied in part by the defendant. Defendant was to pay rent for such use and also was allowed, under an arrangement with the administrator, Louis Diel, to collect rent from the other tenants. These arrangements continued from the time Louis Diel was appointed administrator up to the time of trial. During the time the estate was pending in probate court, the defendant was supposed to turn the rents over to the administrator and to pay rent for his occupancy. Under this arrangement, certain sums of money (the amount of which is in dispute) were collected by defendant from tenants and paid over to the administrator, who filed a final account in the estate showing the receipt of such rentals, together with his disbursements. This account was allowed by the probate court and the estate closed, after which the arrangement continued in effect.

Defendant claims that this accounting by the administrator and the order allowing the same is *res judicata* as to the amount of rents collected or owed by him up to the time the account was filed. There is no merit in this contention. The order allowing final account (not appealed from) was *res judicata* as between the administrator and the estate to the extent of determining the amount of money received by him and his disbursements as administrator, in the absence of fraud or concealment of material facts. The question as to whether this defendant had accounted to the administrator for all the rent money received by him or owing from him was not before the probate court in allowing the final account of the administrator. A bill for accounting may be maintained by heirs-at-law for moneys wrongfully withheld which were not entered in an administrator's accounting, or not passed upon by the court, although such account has been approved

by the court. *Porter* v. *Long,* 124 Mich. 584. Title to real estate of an intestate decedent passes to heirs-at-law, subject to the right of an administrator to possession and the income therefrom for the purpose of paying debts to creditors, and expenses of administration. While the legal title to the personal property of a decedent is in the administrator, the equitable title is in the heirs, subject to the rights of creditors and expenses of administration, and the heirs may maintain a bill in equity to secure an accounting for property alleged to have been fraudulently obtained or withheld. *Powell* v. *Pennock,* 181 Mich. 588. In *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563, 586, Mr. Justice Potter, writing for the court, after an exhaustive review of the cases declared the rule to be as follows:

"The rule to be deduced from the authorities is that an annual or a final account of an executor or administrator is conclusive as to all matters which are before the court and are adjudicated in its allowance, but the order of allowance is not final or conclusive and does not constitute an adjudication in matters which were not before it upon the accounting and which were not considered by the court or passed upon in allowing the account of the executor of the estate."

Defendant does not claim that he cannot be compelled to account for rent moneys received or owing by him since the estate was closed. The question whether defendant had accounted for rent moneys collected by him or owed by him during the administration was not adjudicated in the probate court.

The main difference of opinion between the parties is a question of fact. Did the defendant fully account for rental moneys collected by him or for rent owed by him for his occupancy? Louis Diel, the

administrator, collected no rents himself except through the defendant. As administrator, he accounted to the probate court for all moneys which had been received by him. While this is denied by defendant, the denial is not supported by the proofs. The circuit judge went carefully into the question of how much rent the defendant had collected or owed for his occupancy. On this appeal, counsel for both sides have ably briefed their respective claims as to the testimony and exhibits and the conclusions to be drawn therefrom. No object would be accomplished in encumbering this opinion with a detailed review of the testimony. Books of account and receipt stubs were received from both parties as well as extended oral testimony. Hearing the matter *de novo,* we have carefully reviewed the record. The circuit judge allowed full latitude in receiving proofs and gave the case his careful consideration. The credibility of witnesses is a matter to be left to the trial court, and very clear evidence must appear in the record to justify this court in disturbing the findings of fact. The circuit judge found that defendant was guilty of misrepresentation and concealment of facts,—that he could not profit by his own wrongdoing. The court was liberal in allowing defendant's claims for collection fees and expenditures. The trial judge did not reach the wrong conclusion; the decree is fully supported by the evidence.

Affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.