BERNSTEIN *v.* WILKINSON.

1. APPEAL AND ERROR—CHANCERY CASE—DE NOVO REVIEW—SUIT TO COMPEL CONVEYANCE BY TAX TITLE PURCHASER.

A record title owner's suit to compel a conveyance from tax title purchaser pursuant to statute, being a chancery case, is reviewed *de novo* by the Supreme Court (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

2. TAXATION—REDEMPTION NOTICE—EXCESSIVE DEMAND.

Redemption notice served by tax title purchaser upon record title holder was not illegal and void because it demanded an excessive penalty (1 Comp. Laws 1929, §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

3. SAME—REDEMPTION NOTICE—STATUTORY INTEREST.

Fact that tax title holder's redemption notice to record title holder stated the amount tax title holder had paid for tax deed from auditor general rather than amount of State bid, the difference being accounted for in statutory interest, and demanded 50 per cent. in addition thereto instead of 10 per cent. permitted by statute for land sold at 1938 tax sale, did not invalidate the notice (1 Comp. Laws 1929, § 3477, as amended by Act No. 325, Pub. Acts 1937; §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

4. SAME—REDEMPTION NOTICE—TENDER—EVIDENCE.

Finding of trial court that plaintiff, holder of record title, had not made a proper and timely legal tender to either defendant, holder of tax title, or to the register in chancery during the statutory 6-months' period within which a reconveyance might be demanded *held*, supported by the evidence (1 Comp. Laws 1929, § 3477, as amended by Act No. 325, Pub. Acts 1937; §§ 3535, 3536, as amended by Act No. 51, Pub. Acts 1939).

5. APPEAL AND ERROR—CREDIBILITY OF WITNESSES—EVIDENCE—FINDINGS OF FACT.

The credibility of witnesses is a matter to be left to the trial court and very clear evidence must appear in the record to

justify the Supreme Court in disturbing findings of fact by the trial court in a chancery case.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 10, 1946. (Docket No. 46, Calendar No. 43,152.) Decided March 4, 1946.

Bill by Alvin Bernstein against Russell Wilkinson and wife to set aside a notice given under tax sale and to compel reconveyance. Decree for defendants. Plaintiff appeals. Affirmed.

*Kleinstiver & Anderson,* for plaintiff.

*George R. Campbell* and *Phillip C. Kelly,* for defendants.

STARR, J. Plaintiff appeals from a decree dismissing his bill of complaint which was filed to obtain a reconveyance of five vacant lots which defendant Russell Wilkinson had acquired by tax deeds from the auditor general.

These lots are described as Nos. 142, 143, 144, 148, and 149 of Hackett Park subdivision, Blackman township, Jackson county. On August 14, 1939, the receiver of the Union & Peoples National Bank of Jackson acquired title to said lots through foreclosure proceedings, and on August 19, 1940, he conveyed them, subject to unpaid taxes, to George A. Roschek, who had purchased them at receiver's sale. Plaintiff Bernstein represented Roschek in connection with the purchase, and the receiver's deed to Roschek was delivered to plaintiff. At the same time the receiver also delivered to him a redemption notice, which defendant Russell Wilkinson, as the holder of tax deeds to the five lots, had served on the receiver. On September 9, 1940, Roschek and

wife conveyed the five lots, subject to unpaid taxes, to plaintiff by quitclaim deed.

Lot 142 had been bid off to the State for $5.77 at the delinquent-tax sale on May 3, 1938, and lots 143 and 144 had been bid off to the State at the same sale for $13.01 each. On May 25, 1939, defendant Russell Wilkinson purchased the State's bid for lot 142, paying therefor $6.52. On the same date he purchased the State's bids for lots 143 and 144, paying $14.70 for each bid. At the same tax sale in 1938, defendant Wilkinson had purchased lots 148 and 149, paying $13.01 for each lot. On February 5, 1940, the auditor general issued tax deeds for the five lots in question to defendant Wilkinson. The legality of the tax sales and tax deeds is not questioned.

On April 26, 1940, defendant Wilkinson, as the holder of tax deeds to said five lots, served redemption notice on the receiver of the Union & Peoples National Bank, who was the grantee named in the last conveyance of record, which notice stated that the owner was entitled to a reconveyance of the lots at any time within six months after the filing of return of service of the notice, upon payment to Wilkinson or the register in chancery "of all sums paid upon such purchase, together with 50 per centum additional thereto, and the fees of the sheriff for the service or costs of publication of this notice * * * and the further sum of five dollars for each description." Proof of service of the redemption notice was filed April 26, 1940, and the 6-months period of redemption, therefore, expired October 26th. As mentioned above, this redemption notice was delivered to plaintiff at the time the receiver's deed to Roschek was delivered to him.

As hereinafter more fully explained, plaintiff contended that the redemption notice served on the re-

ceiver was illegal and void because it demanded payment of 50 per cent. additional as a condition of reconveyance, while defendants were entitled to only 10 per cent. additional. He also contended that the redemption notice was illegal and void, on the ground that as to lots 142, 143, and 144 it stated the amount which defendant Wilkinson had paid for the State's bid rather than the amount for which the lots were bid off to the State at the tax sale; that is, lot 142 had been bid off to the State for $5.77, and the redemption notice stated an amount of $6.52, which was the amount defendant had paid for the State's bid; lots 143 and 144 had been bid off to the State for $13.01 each, and the notice stated amounts of $14.70 each, which were the amounts defendant had paid for the State's bids. The notice listed lots 148 and 149 at $13.01 each, which were the amounts that defendant Wilkinson had paid for them at the tax sale. The redemption notice further stated that the total necessary to redeem the five lots was $117.91 plus fees for service. This amount represented $61.94, which defendant Wilkinson had paid for the five lots, plus 50 per cent. additional or $30.97, and the further sum of $5 for each description.

A dispute arose between the parties as to the legality of the redemption notice and as to the amount of penalty to which defendants were entitled. In March, 1944, plaintiff filed bill of complaint in the present suit, alleging that defendants were legally entitled to payment of only 10 per cent. additional and that their redemption notice was illegal and void because it demanded 50 per cent. additional as a condition of reconveyance. He alleged that during the redemption period he had offered to pay defendants the full amount to which they were legally entitled, but that they had refused his offer. He

further alleged that during the redemption period
he had tendered to the register in chancery the full
amount to which defendants were legally entitled,
but that this tender had been refused by the register.
He also alleged that on December 1, 1943, he had
paid to the register in chancery the amount which
defendants had paid for the lots, plus 10 per cent.
additional, $5 for each description, and the sheriff's
service fees, but that defendants had refused to ac-
cept this sum. He asked that the redemption notice
be declared void and that defendants be required to
convey the five lots to him, upon their being paid
the amount to which they are legally entitled as a
condition of reconveyance. Defendants answered,
denying that the redemption notice was void and
that plaintiff had ever offered to pay or tendered
to them any sum for a reconveyance. At the con-
clusion of the trial a decree was entered dismissing
plaintiff's bill, and he appeals. This being a chan-
cery case, we review *de novo*.

1 Comp. Laws 1929, § 3535, as amended by Act
No. 51, Pub. Acts 1939 (Comp. Laws Supp. 1940,
§ 3535, Stat. Ann. 1945 Cum. Supp. § 7.198), pro-
vides in part:

"No writ of assistance or other process for the
possession of any land the title to which has been
obtained under and in pursuance of any tax sale
made after August 29, 1897, * * * shall be issued un-
til 6 months after there shall have been filed with the
county clerk of the county where the land is situ-
ated, a return by the sheriff of said county showing
that he has made personal service of a notice, or
proof of substituted service thereof, as hereinafter
provided, upon the person or persons appearing by
the records in the office of the register of deeds of
said county to be the last grantee or grantees in the
regular chain of title of such lands, or of any inter-
est therein, at the date of the delivery of such no-

tice to the sheriff for service,    *    *    *    which shall
be substantially in the following form:

"To the owner or owners of any and all interests
in, or liens upon the land herein described:

"Take notice, That sale has been lawfully made of
the following described land for unpaid taxes
thereon, and that the undersigned has title thereto
under tax deed or deeds issued therefor, and that
you are entitled to a reconveyance thereof, at any
time within 6 months after return of service of this
notice, upon payment to the undersigned or to the
register in chancery of the county in which the lands
lie of all sums paid upon such purchase, together
with 50 per centum additional thereto, and the fees
of the sheriff for the service or cost of publication
of this notice, to be computed as upon personal serv-
ice of a declaration as commencement of suit, and
the further sum of five dollars for each description
without other additional cost or charges: *Provided,
That with respect to purchasers at the tax sale held
in the years 1938, 1939 and 1940 the sum stated in
such notice as a condition of reconveyance shall only
be all sums paid as a condition of the tax title pur-
chase, together with 10 per centum additional
thereto.*"

1 Comp. Laws 1929, § 3536, as amended by Act
No. 51, Pub. Acts 1939 (Comp. Laws Supp. 1940,
§ 3536, Stat. Ann. 1945 Cum. Supp. § 7.199), pro-
vides in part:

"Any person having any estate in such lands or
any interest therein    *    *    *    shall be entitled to
receive from the person so claiming under and by
virtue of such tax deed, his heirs or assigns at any
time within 6 months after the filing of return of
service or the filing of proof of publication of such
notice, as hereinbefore provided, a release and quit-
claim of all right and interest in such land acquired
under such tax deed or deeds, upon payment to him
or them, or to the register in chancery of the county

in which the lands are located, of the amount paid upon such purchase, together with 50 per centum in addition thereto, and the lawful fees of such personal or substituted service,   *   *   *   and the further sum of $5 for each description, without additional cost or charge: *Provided,* That any person or persons entitled to a release and quitclaim under the foregoing provisions of this section, at any time after the issue of tax deeds on such lands, or after the purchaser thereof shall be entitled to such tax deeds, and before service of notice or return thereof as herein provided, shall have the right to redeem such lands from such sale, by paying to the purchaser, or his grantee, or to the register in chancery of the county in which the lands lie, on the certificate of the auditor general or his deputy, all sums paid as a condition of such purchase, together with 50 per centum additional thereto, and the further sum of $5 for each description: *Provided, That with respect to purchasers at the tax sale to be held in the years 1938, 1939 and 1940, the purchaser, or his grantee, shall be entitled only to all sums paid as a condition of such purchase, together with 10 per centum additional thereto.*"

Plaintiff contends that the redemption notice was illegal and void because it demanded, as a condition to reconveyance, a payment of 50 per cent. additional instead of the 10 per cent. additional to which defendants were entitled under the above-quoted statutes. This question is determined by our decision in *Rzewuski* v. *Webb,* 294 Mich. 415. In the redemption notice involved in that case the tax-deed holder claimed a penalty of 100 per cent. of the amount paid instead of the 50 per cent. to which he was legally entitled. In holding that the demand for an excessive penalty did not invalidate the redemption notice, we said in part (pp. 420, 421):

"The essential requisite of the notice for redemption is that it contain the exact amount paid by the

purchaser at a tax sale. * * * None of the cases in this State hold that the notice of redemption is invalid where the amount paid by the purchaser is accurately set forth; and such notice is not void where excessive amounts are claimed for items other than the amount paid for the property. * * *

"The demand for the 100 per centum penalty was due to a mistake of law on the part of the tax purchaser. It could have been ascertained by the previous owner that the correct amount of the penalty that could be demanded was 50 per centum of the taxes paid; moreover, it is presumed that the previous owner knew such fact. The amount stated in the notice as having been paid for the property described therein was accurate. Where the amount paid is truthfully set forth in the notice, excessive claims for other items do not result in invalidity. It, therefore, follows that the mistaken claim on the part of defendant Webb for a penalty in excess of that authorized by law does not void the notice of redemption." (See authorities cited.)

See, also, *Triangle Land Co.* v. *City of Detroit,* 204 Mich. 442 (2 A. L. R. 1526).

We conclude that the redemption notice served by defendant Wilkinson on the receiver of the Jackson bank was not illegal and void because it demanded an excessive penalty.

Plaintiff further contends that the redemption notice was illegal and void because, as to lots 142, 143, and 144, it specified the amounts which defendant Wilkinson had paid for the State's bids instead of the amounts for which said lots had been bid off to the State. 1 Comp. Laws 1929, § 3477, as amended by Act No. 325, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3477, Stat. Ann. 1940 Cum. Supp. § 7.138), provides:

"Any person may purchase any State bids, at any time by paying therefor to the auditor general the amount for which the same was bid off to the State,

with interest on the same at the rate of one per cent. per month or fraction thereof from the first day of the month in which such lands were bid off to the State.''

Under this statute defendant Wilkinson was required to pay the State the amount for which said three lots had been bid off to it at the 1938 tax sale, plus interest at one per cent. per month or fraction thereof. The total difference between the bid-off price to the State on lots 142, 143, and 144 and the amount as stated in the redemption notice, which defendant Wilkinson had paid for the State's bids, was $4.13. This difference was apparently accounted for by the addition of the interest provided for in the above statute. Section 3535, hereinbefore quoted, provides that as to tax sales held in 1938 the sum stated in the redemption notice ''shall only be *all sums paid as a condition of the tax title purchase,* together with 10 per centum additional thereto.'' Section 3536, hereinbefore quoted, provides that as to tax sales held in 1938 the purchaser or his grantee ''shall be entitled only to *all sums paid as a condition of such purchase,* together with 10 per centum additional thereto.'' It is clear that under these statutes defendants were entitled, in redemption, to the amounts which they had paid for the State's bids. Therefore, their redemption notice was not invalid because it specified these amounts. *Triangle Land Co.* v. *City of Detroit, supra.*

The testimony as to negotiations between the parties and regarding what occurred during and subsequent to the redemption period is in conflict. Plaintiff testified that during this period he offered to pay defendants or their agent Manley the full amount to which they were legally entitled, but that they refused his offer. He further said that during the redemption period he talked to defendants by tele-

phone and to their agent Manley, relative to the amount to which defendants were legally entitled for redemption. Defendants denied ever having talked to plaintiff and stated that they did not have a telephone in their home until subsequent to the redemption period. Manley was not called as a witness. It was admitted that subsequent to the redemption period there were negotiations for settlement between plaintiff and defendants' attorney. Plaintiff also testified that during the redemption period he tendered the amount to which defendants were legally entitled to the register in chancery, who refused the tender. The register testified that he did not recall plaintiff's making any tender, and his deputy said that no tender was made to her. A clerk testified in substance that she heard plaintiff offer to pay the register the amount legally due defendants but that she did not see him tender any money. In his opinion the trial court stated:

"Plaintiff never did actually pay the necessary money to redeem from the taxes within that time. He claims, however, that he is entitled to a decree allowing him to redeem because he tendered the amount and it was refused. On this proposition, the plaintiff has the burden of proof. Plaintiff's testimony does not satisfy the court by the greater weight of the evidence in the case that on or before October 26, 1940, he ever made a formal tender of the exact amount due in currency to the register in chancery or anyone in authority in his office, or that the register in chancery or anyone employed in his office refused to accept it. Nor is there any convincing testimony that plaintiff made any actual tender of the amount due to defendants, or either of them, or any authorized agent of defendants; or that either of them, or any authorized agent of theirs, ever informed plaintiff that they would refuse a tender if made."

The trial court saw and heard the parties and their witnesses and was better able to judge the credibility of, and weight to be accorded, their testimony. The evidence supports the trial court's finding that plaintiff did not make a proper and timely legal tender to either defendants or the register in chancery, and we are not disposed to interfere with this finding. In *Diel* v. *Diel,* 298 Mich. 127, we said:

"The credibility of witnesses is a matter to be left to the trial court, and very clear evidence must appear in the record to justify this court in disturbing the findings of fact."

We are convinced that the trial court properly determined the rights of the parties. The decree dismissing plaintiff's bill is affirmed. Defendants may recover costs of both courts.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.